STATE of Minnesota, Respondent,

v.

Daniel E. JONES, Appellant.

No. A06–1719.

Court of Appeals of Minnesota.

June 19, 2007.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Scott A. Hersey, Assistant County Attorney, Hastings, MN, for respondent.

Charles F. Clippert, Bethel & Associates, St. Paul, MN; and J. Anthony Torres, Minneapolis, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge, MINGE, Judge, and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

Appellant Daniel Jones was convicted of third-degree criminal sexual conduct, calling for a presumptive 78–month imprisonment under state sentencing guidelines. Following our earlier remand of the district court's 24–month upward sentencing departure, that court reaffirmed the departure based on an earlier jury verdict, determining that appellant had also committed lesser offenses of child neglect and child endangerment; the lesser convictions were premised on facts that aggravated the sexual-conduct offense, findings that appellant had failed to seek medical care for the victim of his sexual assault. Because the court's sentence is not disproportionate to the seriousness of the offense and there is no merit in appellant's contention that the court's sentence constitutes multiple sentencing for the same conduct, we affirm.

## FACTS

In 2004, appellant was convicted by a jury of third-degree criminal sexual conduct, third-degree controlled-substance crime, felony child neglect, and felony child

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to    Minn. Const. art. VI, § 10.

endangerment, and acquitted of third-degree murder. The charges stemmed from a November 2000 incident and were based on the state's evidence that appellant had furnished methamphetamine to the 16–year–old victim who, after being sexually assaulted by appellant, died as a result of a methamphetamine overdose. The district court sentenced appellant to 102 months on the sexual offense and concurrent incarceration for the controlled-substance offense. The court explained the 102–month sentence, a 24–month upward departure, by citing appellant's failure to seek medical care for the victim. Appellant would have faced a 110–month presumptive sentence on the charge of third-degree murder, the offense on which he was acquitted.

We subsequently affirmed the convictions but reversed the upward departure and remanded for resentencing. *State v. Jones*, No. A04–1303 (Minn.App. Aug.22, 2005), *review denied* (Minn. Nov. 22, 2005); *see State v. Shattuck*, 704 N.W.2d 131, 146 (Minn.2005) (severing unconstitutional portion of Minnesota Sentencing Guidelines that provided mechanism for upward durational departures), *as amended on rehearing in part* (Minn. Oct. 6, 2005).

In the resentencing proceedings, the district court reaffirmed the 24–month upward departure, determining that a departure "was based on factors found by a jury beyond a reasonable doubt." The court explained that by finding appellant guilty of child neglect and child endangerment, the jury found that he deprived the victim of health care or supervision, causing substantial harm to her health. *See* Minn. Stat. § 609.378, subd. 1(a), (b) (2000) (defining child neglect and child endangerment).

## ISSUES

1. Did the district court's reliance on a jury's determination of guilt on a lesser offense to justify the imposition of an upward durational departure on the more serious offense constitute improper double punishment for the same behavioral incident?

2. Is the resulting sentence disproportionate to the severity of the offense?

## ANALYSIS

Initially, we address several of appellant's arguments that conflict with matters of law settled since the inception of this appeal. These arguments were premised principally on the earlier holdings that the Minnesota Sentencing Guidelines were unconstitutional in regards to upward departures. *State v. Shattuck*, 704 N.W.2d 131, 142 (Minn.2005) (holding that imposition of upward departure from presumptive guidelines sentence is unconstitutional when district court based departure on its findings of aggravating factors without jury determining factors beyond a reasonable doubt); *see Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000) (holding that any fact other than prior conviction that increases penalty above statutory maximum must be submitted to jury and proved beyond a reasonable doubt); *see also Blakely v. Washington*, 542 U.S. 296, 303–04, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) (holding that for *Apprendi* purposes the statutory maximum is the maximum sentence that may be imposed based solely on facts reflected in jury verdict or admitted by defendant).

In *State v. Chauvin*, the supreme court clarified that "*Blakely* did not remove the ability of a judge to impose an aggravated sentence, it only changed the process by which aggravated sentences may be imposed." 723 N.W.2d 20, 25 (Minn.2006). The stated rationale of the court included the determination that sentencing was a uniquely judicial function and did not in-

fringe on a legislative function. *Id.* at 25. The *Chauvin* court makes it evident that in the aftermath of *Shattuck* the district court possessed inherent judicial authority to craft sentencing procedures that protected a defendant's constitutional rights while effectuating the legislative policy of imposing upward sentencing departures where appropriate.

In *Hankerson v. State,* the supreme court rejected the argument that the imposition of an upward departure for offenses occurring before the 2005 amendments to the sentencing guidelines involves a retroactive application of those amendments because "[n]othing in the former language of Minn. Sent. Guidelines II.D prohibits a court from imposing a sentence based on facts found by a jury." 723 N.W.2d 232, 236 (Minn.2006); *see Shattuck,* 704 N.W.2d at 147 n. 16 (stating 2005 amendments to Minn. Sent. Guidelines II.D, authorizing district courts to rely on jury findings to impose aggravated sentence, are prospective only). The district court on remand in this case was not limited to imposing the presumptive sentence.

Similarly, current law refutes appellant's argument that the district court's sentencing procedure constituted the improper creation of a new crime. Appellant's argument that aggravating factors are the equivalent of elements of the offense under *Apprendi* was rejected in *Chauvin.* In the context of addressing whether the state is required to allege aggravating factors in the complaint, the *Chauvin* court stated:

> *Apprendi* made the comparison of aggravating sentencing factors to elements in the context of the adequacy of proof to satisfy the Sixth Amendment's jury trial requirement, not in the context of giving adequate notice of the charges presented to satisfy the Sixth and Fourteenth Amendments' more relaxed due process and notice requirements.

723 N.W.2d at 30. Moreover, appellant's indictment informed him that the maximum penalty for the criminal-sexual-conduct offense was 15 years and gave him effective notice of the aggravating factor in the form of the child-neglect and child-endangerment counts. Appellant was on notice and able to prepare a defense to the allegation that he deprived the victim of necessary health care.

Finally, despite appellant's argument, precedent establishes that the failure to seek medical care is an aggravating factor supporting a departure. *State v. Copeland,* 656 N.W.2d 599, 604 (Minn.App. 2003).

1.

■ Appellant argues that the district court's reliance on the jury's guilty verdicts on lesser offenses constitutes improper multiple punishment for a single behavioral incident. *See* Minn.Stat. § 609.035, subd. 1 (2006) (providing, subject to limited exceptions, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them"); *State v. Carr,* 692 N.W.2d 98, 101 (Minn.App.2005) (stating that in determining whether multiple offenses are part of single behavioral incident, court considers factors of time and place and whether offenses were motivated by desire to obtain single criminal objective).

The state conceded in 2004, based on its construction of the single-behavioral-incident rule, that appellant could not be sentenced separately on the child-neglect or child-endangerment charge. But even if appellant could not be sentenced separately for those offenses, he fails to offer any authority or rationale in support of his contention that the district court should be precluded from relying on the guilty ver-

dicts for those offenses as the basis for an enhanced sentence on the criminal-sexual-conduct offense.

Appellant relies on the supreme court's decision in *State v. Osborne*, which addresses the use of other convictions as aggravating factors. 715 N.W.2d 436, 446 (Minn.2006). But in *Osborne* the supreme court reviewed the use of other convictions as aggravating facts only insofar as they were lesser included offenses, or elements of the offense, or had already been the basis for sentencing; the supreme court declined to answer, more generally, the question of whether a jury verdict on one crime may "coincidentally satisfy the requirements of *Blakely* on another crime." *Id.* The court stated that it "need not decide whether it is ever possible for the elements of an offense arising out of the same behavioral incident to support an upward departure on another offense." *Id.* at 447. Appellant does not assert that child-neglect/endangerment offenses constituted elements of the sexual conduct offense or lesser included offenses, and he does not dispute that the convictions establish that he failed to provide medical care for the victim.

■ "It is generally proper for the court to consider the conduct underlying the charge of which the defendant is convicted; but reliance on other offenses that are not part of the charge and of which the defendant was not convicted is not a permissible basis for durational departure." *Taylor v. State*, 670 N.W.2d 584, 588 (Minn.2003). Unquestionably, if a proposed aggravating factor "only supports defendant's guilt of some other offense but does not support the conclusion that the defendant committed the instant offense for which he is being sentenced in a particularly serious way, then it cannot be relied upon as a ground for departure." *Id.* (quotation omitted). But the failure to seek medical care for the victim not only supported appellant's guilt on the child-neglect and child-endangerment charges, it also supported the conclusion that appellant committed the criminal-sexual-conduct offense in a particularly serious way. The state accurately depicts a record that appellant was the only person who could have saved the victim's life but failed to make even a telephone call as the victim neared death after his sexual offense was committed.

Because the jury's guilty verdict on a lesser offense necessarily involved the jury finding, beyond a reasonable doubt, of facts that also constitute aggravating circumstances on the more serious offense, the district court did not err in relying on that guilty verdict to justify imposing an upward durational departure on the more serious offense.

2.

■ Appellant argues that the district court's sentence is disproportionate because the guidelines sentence for the child-neglect or child-endangerment offense would be a stayed sentence, yet the district court imposed a 24–month upward durational departure based on the failure to provide medical care. We review the sentence imposed to determine whether it is unreasonable, inappropriate, excessive, unjustifiably disparate, or otherwise unwarranted by the facts or law. Minn.Stat. § 244.11, subd. 2(b) (2006).

■ To ensure that sentences are "proportional to the severity of the offense of conviction," Minn. Sent. Guidelines I, the district court must order the presumptive sentence provided in the sentencing guidelines unless "substantial and compelling circumstances" warrant a departure, Minn. Sent. Guidelines II.D; *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981). Whether to depart from the guidelines

rests within the district court's discretion, and this court will not reverse the decision "absent a clear abuse of that discretion." *State v. Oberg,* 627 N.W.2d 721, 724 (Minn. App.2001), *review denied* (Minn. Aug. 22, 2001).

■ Contrary to appellant's argument, it is irrelevant what sentence could have been imposed for the child-neglect or child-endangerment conviction, since he has not been sentenced on this conviction. Rather, the question for the district court "in deciding whether to depart durationally is whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Back,* 341 N.W.2d 273, 276 (Minn.1983). "[G]enerally it is proper for the sentencing court to consider the course of conduct underlying the charge for which the defendant is being sentenced." *Id.*

The district court determined that appellant's actions in sexually assaulting this physically helpless victim, because he also failed to seek medical help for her, warranted a more severe sentence than the typical case. *See* Minn.Stat. § 609.344, subd. 1(d) (2000) (defining third-degree criminal sexual conduct as sexual penetration with a person the actor knows or has reason to know is physically helpless).

■ "Departures are intended for a small number of cases," and "the guidelines endeavor to limit departures to those circumstances that make the facts of a particular case different from a typical case." *Taylor,* 670 N.W.2d at 589 n. 6. But the district court did not abuse its discretion in determining that an upward durational departure was justified by the aggravating circumstances in this case. Moreover, because the crime in this case atypically led to the victim's death, the 24–month upward durational departure does not result in a disproportionate sentence.

## DECISION

The district court did not err in its upward departure when it relied on the jury's guilty verdict on lesser offenses, which necessarily involved the jury finding beyond a reasonable doubt that appellant failed to seek medical care for the victim. The resulting sentence does not constitute improper multiple punishment for a single behavioral incident, and it is not disproportionate or an abuse of discretion.

**Affirmed.**