**STATE of Minnesota, Respondent,**

v.

**Eugene Azor SCOTT, Appellant.**

**No. 51050.**

Supreme Court of Minnesota.

Oct. 10, 1980.

C. Paul Jones, Public Defender, Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas Fabel and Norman B. Coleman, Jr., Asst. Attys. Gen., St. Paul, Michael Milligan, County Atty., Walker, for respondent.

SCOTT, Justice.

Defendant was originally charged by a complaint in district court with burglary, possession of burglary tools, and burglary with tools. Pursuant to a plea bargain, defendant entered guilty pleas to the first two counts, and the trial court dismissed the count charging him with burglary with tools. After receiving a presentence investigation report, the trial court, over objection by defense counsel that Minn.Stat. § 609.035 (1978) permitted only one sentence because the offenses were part of a single behavioral incident, sentenced defendant to consecutive prison terms of 5 years and 3 years. On appeal from judgment of conviction, defendant contends that the 3-year prison term should be vacated because (1) the two offenses arose from a single behavioral incident and no exception to the rule of section 609.035 applies, or (2) the trial court led him to believe that by pleading guilty he was subjecting himself only to a maximum 5-year prison term. We do not reach the second issue [1] because

---

1. Although the trial court at one point told defendant that he was subjecting himself only to a 5-year prison term, we note that later defendant signed a petition to plead guilty in which he stated that he understood he was subjecting himself to a maximum of "5 + 3" years of imprisonment.

we have concluded that the two offenses were a part of the same behavioral incident and that therefore the protection of section 609.035 against multiple sentencing applies. Since that protection may not be waived, we vacate the 3-year prison term.

Minn.Stat. § 609.035 (1978) provides as follows:

> Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

■ The statute contains two protections, one against serialized prosecution, the other against multiple punishment. This last protection is the one with which we are concerned. Multiple punishment refers not to convictions but sentences and any multiple sentences, including concurrent sentences, are barred if the statute applies. *State v. Hagen*, 275 N.W.2d 49 (Minn.1979).

Minn.Stat. § 609.585 (1978), referred to in section 609.035 as an exception, provides as follows:

> A prosecution for or conviction of the crime of burglary is not a bar to conviction of any other crime committed on entering or while in the building entered.

This court has also created an exception and has upheld multiple sentences in such cases if there were multiple victims, so long as the multiple sentences seem commensurate with the defendant's increased culpability and do not unfairly exaggerate the criminality of the defendant's conduct. *See for example State v. Rieck*, 286 N.W.2d 724 (Minn.1979), and *State v. Briggs*, 256 N.W.2d 305 (Minn.1977).

In determining whether a defendant may be punished for multiple offenses arising from the same behavioral incident, we must ascertain whether the underlying conduct was unitary or divisible. The test which we have used when intent is an element of the offenses is whether the underlying conduct was motivated by a desire on the defendant's part to obtain a single criminal objective or by two or more criminal objectives. *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966).

We have applied this test in numerous cases, including the following recent ones: *City of Moorhead v. Miller*, 295 N.W.2d 548 (Minn.1980); *State v. White*, 292 N.W.2d 16 (Minn.1980); *State v. Stith*, 291 N.W.2d 269 (Minn.1980); *Mercer v. State*, 290 N.W.2d 623 (Minn.1980); *State v. Stevenson*, 286 N.W.2d 719 (Minn.1979); *State v. Koonsman*, 281 N.W.2d 487 (Minn.1979); *State v. Clement*, 277 N.W.2d 411 (Minn.1979).

■ In the instant case, the state could have charged defendant with burglary in connection with each of the several alleged burglaries he committed and, under section 609.585, with theft in connection with each burglary in which he took property. Instead, the state charged defendant only with one count of burglary with tools (apparently for one of several burglaries defendant allegedly committed on May 22, 1979), one count of burglary (apparently for the reentry on May 23 of one of the cabins he allegedly burglarized on May 22), and one count of possession of burglary tools.

If it were clear that the charge of possession of burglary tools related to conduct occurring on a different date than the date of the burglary to which defendant pled guilty, then defendant properly could have been punished for both offenses. However, it appears possible that the charge of possession of burglary tools related to the possession which was simultaneous with the burglary to which defendant pled guilty, because the tools were seized from defendant at the time he was caught committing that burglary. That is, it appears that defendant possessed those tools for the purpose of facilitating the burglary of which he was convicted, if it turned out the tools were needed.

 

Under the circumstances we conclude that the district court properly could sentence defendant only for one of the two offenses.

Judgments of conviction affirmed with lesser sentence vacated.

SIMONETT, J., not having been a member of this court at the time of argument and submission, took no part in the consideration or decision of this case.