**Robert Neil LANGDON, a/k/a, Jefferey Joseph Suratt, petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. C7–85–189.**

Court of Appeals of Minnesota.

July 9, 1985.

Review Granted Sept. 20, 1985.

Robert Neil Langdon, pro se.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ. with oral argument waived.

## SUMMARY OPINION

RANDALL, Judge.

### FACTS

In 1982, appellant Robert Neil Langdon went to an apartment complex in East

Grand Forks, Minnesota, entered the laundry rooms of several *different* apartment buildings and, using a "lock pick," stole money from the coin-operated machines. Following his arrest, he unsuccessfully tried to escape from the Regional Corrections Center in Crookston. He pleaded guilty to four counts of burglary and one count of attempted escape.

Before sentencing, appellant escaped. The authorities discovered that appellant had given them a false name, Jefferey Joseph Surratt, and that he actually had a criminal score of two rather than zero. Appellant was later apprehended in South Dakota and was imprisoned for an offense committed there. He was returned for sentencing in Minnesota and pleaded guilty to escape.

At sentencing he was given four concurrent sentences for the burglaries: (1) 18 months stayed; (2) 21 months stayed; (3) 44 months executed; and (4) 54 months executed. For the attempted escape, Langdon was given 16 months executed concurrent with the burglaries. For the escape conviction, Langdon was given 32 months executed, to be served concurrently with the burglary and the attempted escape sentences. This 32-month sentence for escape was ordered to be served consecutively with the time left on the South Dakota sentence. In computing the 32 months, all prior convictions were totalled up as "bad points," giving appellant a criminal history score of seven at the time he was sentenced for escape. Appellant's petition for post-conviction relief on the issues of single behavioral incident and sentencing was denied by the trial court.

## DECISION

■ 1. Appellant's argument that the burglaries were all part of one single behavioral incident under Minn.Stat. § 609.035 (1982) is without merit. This statute provides that "if a person's conduct constitutes more than one offense under the laws of the state, he may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." Minn. Stat. § 609.035 (1982). "In deciding whether two or more intentional crimes were part of the same course of conduct, one must focus on the factors of time and place and also consider whether the segments of conduct involved were motivated by an effort to obtain a single criminal objective." *State v. Banks*, 331 N.W.2d 491, 493 (Minn. 1983) (citing *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 525 (1966)). Appellant entered *separate* buildings and committed *separate* crimes. He had a distinct criminal objective each time he, without consent, entered a particular building in order to steal.

■ 2. Appellant claims the trial court erred in computing his criminal history score at seven when sentencing him for escape *consecutively* with the South Dakota sentence. This escape sentence was the only sentence to be served consecutively with the South Dakota sentence; the others were executed as of April 4, 1983.

February 4, 1984, was the date appellant was transferred from South Dakota to Minnesota. He claims his escape sentence should have been computed using zero since the sentences were ordered to be served consecutively. *State v. Czech*, 343 N.W.2d 854, 858 (Minn.1984). Appellant argues the appropriate consecutive sentence is one year and one day, not 32 months. We agree.

■ The claimed error is harmless since the escape sentence, although consecutive with a South Dakota sentence, was ordered to be concurrent with the other Minnesota sentences. Since the longest Minnesota sentence, being 54 months, will expire after either a 12 month or 32 month consecutive sentence is served, there is no additional real time, but appellant is correct on the law.

We do modify the escape sentence and impose a sentence of a year and a day to be served consecutively with the South Dakota sentence but concurrently with the other Minnesota offenses. We note that although we are modifying the sentence, the

net result in terms of appellant's final discharge date remains the same.

Affirmed in part and modified in part.