**Robert N. LANGDON, a.k.a. Jefferey
Joseph Surratt, Petitioner,
Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C7–85–189.**

Supreme Court of Minnesota.

Oct. 25, 1985.

Robert N. Langdon, pro se,

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Wayne H. Swanson, Polk Co. Atty., Crookston, for respondent.

AMDAHL, Chief Justice.

We granted the petition of Robert Neil Langdon, a.k.a. Jefferey Joseph Surratt, for review of the decision of the Court of Appeals, *Langdon v. State,* 371 N.W.2d 38 (Minn.App.1985), that held, in relevant part, that petitioner was properly sentenced for each of four burglary convictions. Concluding that the four offenses arose from a single behavioral incident, we hold that petitioner properly could be sentenced for only one of the four offenses.

On the afternoon of April 12, 1982, petitioner went to the Stauss apartment complex in East Grand Forks, entered the laundry rooms in seven different buildings within the complex, all of which apparently were open, and used a lock pick to open the locked coin boxes on the washers and dryers located therein. He was stopped and arrested as he fled the scene. On April 17 petitioner unsuccessfully attempt-ed to escape from jail. On April 26 he pled guilty to four counts of burglary and one count of attempted escape as part of a plea bargain designed to keep him out of prison. Subsequently, however, while awaiting sentencing, petitioner escaped. It was then that the prosecutor learned that petitioner had used a false name and that his true criminal history score was two, not zero. Petitioner was later arrested in South Dakota and imprisoned for an offense committed there. He was returned to Minnesota to plead guilty to the escape and for sentencing.

Using the so-called *Hernandez* method of computing petitioner's criminal history score, the trial court sentenced petitioner to four concurrent sentences for the burglary convictions: 18 months stayed (severity level IV, criminal history score of two), 21 months stayed (IV, three), 44 months executed (VI, four), and 54 months executed (VI, five). The trial court sentenced him to a concurrent term of 16 months executed for the attempted escape (this was the then presumptive concurrent sentence for an attempted severity level III offense by a person with a criminal history score of six or more). The trial court sentenced him for the subsequent completed escape to 32 months executed (this was the presumptive concurrent sentence for a severity level III escape by a person with a criminal history score of six or more), with the sentence to be served concurrently with the Minnesota sentences and consecutively to time left on the South Dakota sentence.

Petitioner subsequently sought postconviction relief claiming (a) that he should have received only one sentence for the four burglary convictions because they arose from a single behavioral incident or course of conduct and (b) that the trial court erroneously computed the sentence duration for the consecutive sentence on the basis of a criminal history score of six or more rather than on the basis of a criminal history score of zero.

The Court of Appeals held (a) that the four burglaries did not arise from a single behavioral incident and (b) that the trial

court erred in computing the sentence duration for the escape conviction and that the sentence should be changed. The court also pointed out that the change would have no effect on the total amount of time that petitioner had to serve in Minnesota.

The Court of Appeals' disposition of the second issue is clearly correct. We conclude, however, that it erred in ruling that the four burglaries did not arise from a single behavioral incident.

> Minn. Stat. § 609.035 (1984) provides:
>
> Except as provided in section 609.251 and 609.585, if a person's conduct constitutes more than one offense under the laws of this state, he may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

The statute contains two protections, one against serialized prosecution, the other against multiple punishment. Multiple punishment refers not to convictions[1] but sentences, and any multiple sentences, including concurrent sentences, are barred if the statute applies. *State v. Scott*, 298 N.W.2d 67, 68 (Minn.1980). Neither of the exceptions stated in section 609.035 apply here. Nor could the court-recognized multiple-victim exception, *State v. Mendoza*, 297 N.W.2d 286 (Minn.1980), apply here, since the record indicates that all the buildings are part of a single complex owned and operated by the same party or entity.

■ In determining whether the protection of section 609.035 applies, the court must ascertain whether the underlying conduct was unitary or divisible. The approach used to do this when intent is an element of the offenses is to focus on relevant factors such as time, place, and motivation; if the underlying conduct was motivated by a desire on the defendant's part to obtain a single criminal objective, then the protection of section 609.035 applies. *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 524–25 (1966).

A comparison of two sexual assault cases shows how we have applied the statute. In *State v. Stevenson*, 286 N.W.2d 719 (Minn.1979), we held that two acts of coerced sexual intercourse with a 15-year-old girl that took place on the same day and in the same general place did not arise from a single behavioral incident because the offenses were separated by a period of approximately 5 hours and were unrelated. In *State v. Herberg*, 324 N.W.2d 346, 349 (Minn.1982), however, we held that two acts of sexual penetration of the same victim were part of a single behavioral incident, notwithstanding the fact that they occurred in different counties, because the defendant "moved the victim to a different place before committing the second act of penetration only because he feared that the first location was too open and that they might be noticed" and because the defendant's "underlying motivation remained the same: to satisfy his perverse sexual needs by assaulting, penetrating, and degrading the victim in various ways."

■ The Court of Appeals focused on the fact that the buildings were not physically connected and on the fact that petitioner had to enter a number of them in order to get all the money. We believe that the court should have focused instead on petitioner's ultimate overall criminal objective, which was to steal as much money as he could that afternoon from the coin boxes on the washers and dryers in the several laundry rooms within the apartment complex. If petitioner had burglarized a number of residences owned by a number of different people in a single afternoon or if he had burglarized the apartments of a number of different people, then multiple punishment might well have been proper. *See Scott*, 298 N.W.2d at 68.

---

1. The issue of when multiple convictions based on a single act or behavioral incident are permitted is covered by Minn. Stat. § 609.04 (1984), which is not at issue here, since petitioner, by pleading guilty to four burglary charges, in effect conceded that four convictions were proper.

As it is, we hold that multiple punishment was improper.

 Under the Minnesota Sentencing Guidelines and Commentary, II.B.01 and II.B.101 (1984), a defendant may be given a point for each offense only if he was sentenced for each offense. Since it was improper to sentence petitioner for more than one of the burglaries, the appropriate sentence for one of the two more serious burglary convictions would have been 30 months stayed (the presumptive sentence duration for a severity level VI offense by a person with a criminal history score of two). Using the Grid in effect at the time of the offense, the court could have also sentenced petitioner to a concurrent term of 1 year and 1 day stayed for the attempted escape (the maximum sentence that could have been obtained given the severity level, III, and the criminal history score of three obtained using the *Hernandez* method) and to a concurrent term of 19 (18–20) months executed for the sucessful escape (the then presumptive sentence for a severity level III offense by a person with a criminal history score of four).[2]

It appears that the effect of our decision will be the immediate release of petitioner from prison. Accordingly, in order to hasten that process, rather than remand for resentencing we vacate three of the four burglary sentences and reduce the controlling burglary sentence from 54 months to 30 months.

Affirmed as modified.

KELLEY, J., took no part in the consideration or decision of this case.

---

**2.** The trial court in this case could not have obtained a harsher overall sentence using consecutive sentencing for the escape conviction under Minnesota Sentencing Guidelines and Commentary, II.F (1984). The appropriate consecutive sentence for the escape would have been 1 year and 1 day with execution stayed.