STATE of Minnesota, Respondent,

v.

Mark Charles OBERG, Appellant.

No. C2-00-1476.

Court of Appeals of Minnesota.

June 5, 2001.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN; and Richard R. Maes, Lyon County Attorney, Marshall, MN, (for respondent).

John M. Stuart, State Public Defender, Theodora K. Gaitas, Assistant Public Defender, Minneapolis, MN, (for appellant).

Considered and decided by SCHUMACHER, Presiding Judge, ANDERSON and FOLEY *, Judges.

## OPINION

SCHUMACHER, Judge.

Appellant Mark Charles Oberg was convicted of controlled substance crime in the third degree. He challenges the district court's sentencing determinations. Oberg claims that the district court erred in calculating his criminal history score, in declining to grant a downward dispositional departure, and by imposing a fine that violated the Excessive Fines Clauses of the state and federal constitutions. We affirm in part, reverse in part, and remand for resentencing.

## FACTS

Following a sting operation organized by the Marshall police department, Oberg was arrested and charged with controlled substance crime in the third degree. At trial, a police informant testified that Oberg had sold several grams of cocaine to the informant in exchange for money. The

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

jury found Oberg guilty of controlled substance crime in the third degree.

Corrections Agent Swantje Willers prepared a court-ordered pre-sentence investigation report and sentencing worksheet, which indicated that on May 11, 1987, Oberg had pleaded guilty to 17 counts of aggravated forgery. Each of these incidents occurred during the period between February 15, 1987 and March 24, 1987. At the time of Oberg's guilty plea for the forgery charges, the district court stayed imposition of the sentence for the 17 counts. Later, however, the court revoked the stays and imposed the following sentences: 15 months for the first count, 17 months for the second count, 19 months for the third count, and 22 months for the remaining 14 counts. On the sentencing worksheet Oberg was assigned one-half criminal history point for each of 17 counts of aggravated forgery.

At sentencing, Oberg's attorney objected to Willers's calculation of Oberg's criminal history score, arguing that the 1987 forgery convictions constituted a "spree," which should not generate 8.5 criminal history points. In support of this argument, Oberg testified that he pleaded guilty only once for all 17 counts of forgery. The 1987 sentencing transcript reveals, however, that Oberg pleaded guilty to counts 1 through 6 separately, and then pleaded guilty to counts 7 through 17 as a group.

The district court determined that one-half point per conviction was appropriate and imposed the presumptive 60–month sentence commensurate with Oberg's criminal history score.

Oberg's attorney also moved the court to grant a downward dispositional departure on the ground that Oberg played a minor, passive role in the crime for which he was convicted. The motion was denied.

Oberg's attorney also argued that, in regard to a fine, the sentencing court should impose only a minimum surcharge. Instead, the sentencing court imposed a $75,000 fine, stating that the state legislature had mandated that amount as the minimum fine that may be imposed for a conviction of controlled substance crime in the third degree.

### ISSUES

1. Did the district court err in calculating Oberg's criminal history score?

2. Did the district court err in declining to grant Oberg's motion for a downward dispositional departure?

3. Did the fine levied upon Oberg violate the Excessive Fines Clauses of the state and federal constitutions?

### ANALYSIS

■■■ 1. The sentencing court's determination concerning a defendant's criminal history score will not be reversed absent an abuse of discretion. *See Bolstad v. State,* 439 N.W.2d 50, 53 (Minn.App.1989). Although the state has the burden of establishing a defendant's criminal history score under the sentencing guidelines, *State v. Marquetti,* 322 N.W.2d 316, 319 (Minn.1982), it is the trial court's role to resolve any factual dispute bearing on the defendant's criminal history score. *See State v. McAdoo,* 330 N.W.2d 104, 109 (Minn.1983).

Under Minn. Sent. Guidelines V, aggravated forgery constitutes a severity level II offense. Such offenses generate one-half criminal history point per felony conviction. Minn. Sent. Guidelines II.B.1.a.

■■■ In calculating a defendant's criminal history score, a court may assign criminal history points for each separate offense of forgery committed against a single victim on separate dates. *State v.*

*Nace,* 354 N.W.2d 87, 91 (Minn.App.1984) (citing *State v. Moore,* 340 N.W.2d 671, 673 (Minn.1983)), *review denied* (Minn. Nov. 7, 1984). Nevertheless, "a defendant may be given a point for each offense only if he was sentenced for each offense." *Langdon v. State,* 375 N.W.2d 474, 477 (Minn.1985); *see also* Minn. Sent. Guidelines II.B.1 (noting that points may be assigned only to those felony convictions "for which a felony sentence was stayed or imposed before the current sentencing or for which a stay of imposition of sentence was given before the current sentencing").

■ Here, because Oberg had received a total of four felony sentences for the 17 counts of forgery, it was improper for the district court to assign one-half criminal history point for each of the 17 counts. Rather, points may be assigned only to convictions for which Oberg was sentenced. *See Langdon,* 375 N.W.2d at 477. Thus, the district court properly assigned one-half point for each of the first three forgery counts because Oberg received felony sentences for each of those counts. Oberg received only one sentence for the final 14 counts of forgery, however, and therefore the district court must treat that disposition as a single conviction in assigning criminal history points. *See id.* Thus, the district court should have assigned one-half criminal history point to the final 14 counts of forgery.

■ 2. The decision whether to depart from sentencing guidelines rests within the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. *State v. Givens,* 544 N.W.2d 774, 776 (Minn.1996). A trial court may order a downward departure from the presumptive sentence only if "substantial and compelling" circumstances warrant such a downward departure. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). Only in a "rare case" would

a sentencing court's refusal to depart warrant reversal. *Id.* Furthermore, the mere fact that a mitigating factor is present in a particular case does "not obligate the court to place defendant on probation or impose a shorter term than the presumptive term." *State v. Wall,* 343 N.W.2d 22, 25 (Minn.1984).

■ Oberg correctly points out that, in the appropriate case, the fact that the "offender played a minor or passive role in the crime" could be considered a mitigating factor justifying a departure from the presumptive sentence. Minn. Sent. Guidelines II.D.2.a(2). Here, however, it is debatable as to whether Oberg played a passive role in the crime. Moreover, even if it could be said that some mitigating factors apply to Oberg, the mere existence of such factors did not obligate the sentencing court to depart from the presumptive sentence. *See Wall,* 343 N.W.2d at 25. Thus, the district court did not abuse its discretion in declining to depart from the presumptive sentence.

■ 3. Oberg argues, and the state agrees, that the $75,000 fine imposed by the sentencing court constitutes an excessive fine in violation of the federal and state constitutions.

■ Both the United States and Minnesota Constitutions prohibit the imposition of excessive fines. U.S. Const. amend. VIII; Minn. Const. art. I, § 5. Whether the imposition of a fine violates these constitutional provisions presents a question of law that a reviewing court examines de novo. *State v. Rewitzer,* 617 N.W.2d 407, 412 (Minn.2000).

■ Here, the sentencing court imposed a fine in the amount of $75,000, apparently believing that amount to constitute a mandatory minimum fine under Minn.Stat. § 609.101, subd. 3 (2000). As

noted in *Rewitzer,* 617 N.W.2d at 412, however, it is inappropriate to use the term "mandatory minimum" in connection with this provision, as Minn.Stat. § 609.101, subd. 5(b) (2000) permits a sentencing court to reduce the fine considerably if, for instance, the court finds that the fine will create "undue hardship" for the convicted person.

In *Rewitzer,* the supreme court examined fines imposed on a person convicted of several controlled substance crimes, one being a $75,000 fine for controlled substance crime in the third degree. The court concluded that the fines imposed were disproportionately harsh when compared with (1) the gravity of the offense, (2) the fines that may be imposed for other same-level offenses in Minnesota, and (3) the fines imposed for the same offenses in other jurisdictions. *Id.* at 415. Thus, the court determined that the sentencing court's imposition of fines such as the $75,000 fine violated the Excessive Fines Clauses of the United States and Minnesota Constitutions. *Id.* Here, as in *Rewitzer,* the district court imposed an unconstitutionally excessive fine upon Oberg.

## DECISION

The district court did not abuse its discretion in declining to grant a downward dispositional departure. The court miscalculated Oberg's criminal history score and imposed an unconstitutionally excessive fine. Accordingly, we remand for recalculation of Oberg's criminal history, resentencing, and imposition of a lesser fine.

**Affirmed in part, reversed in part, and remanded.**