*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2330**

State of Minnesota,
Respondent,

vs.

Nicole Leone Revello,
Appellant.

**Filed February 2, 2015
Affirmed
Connolly, Judge**

St. Louis County District Court
File No. 69DU-CR-13-2308

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Kristen Elizabeth Swanson, Assistant County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy R. Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Halbrooks, Judge; and Bjorkman, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

On appeal from her conviction of second-degree murder, appellant argues that her top-of-the-box 367-month prison sentence under the sentencing guidelines unfairly exaggerates the criminality of her conduct and that compelling reasons exist to impose the middle-of-the-box 306-month sentence. We affirm.

## FACTS

On June 2, 2013, appellant Nicole Revello was at a friend's house using synthetic drugs commonly known as bath salts. Appellant grabbed a knife and stabbed the victim in the back of the neck. According to the complaint, appellant removed the knife "so she'd bleed." The victim died as a result of her injury.

Appellant was arrested and charged with second-degree intentional murder in violation of Minn. Stat. § 609.19, subd. 1(1) (2012). On June 28, appellant pleaded guilty to the charged offense. The parties agreed to a 367-month sentence, and the state agreed not to pursue an indictment for first-degree murder. On September 16, the district court sentenced appellant to 367 months in prison in accordance with the plea agreement. This is a top-of-the-box presumptive sentence under the Minnesota Sentencing Guidelines for an individual with a criminal-history score of zero. *See* Minn. Sent. Guidelines 4.A (2012).

## DECISION

Appellant argues that the district court abused its discretion by sentencing her to 367 months in prison because her sentence "unfairly exaggerated her criminality, and

2

there are compelling reasons to sentence [appellant] to the presumptive guideline sentence." We disagree.

Appellant received a top-of-the-box presumptive sentence under the Minnesota Sentencing Guidelines. *See* Minn. Sent. Guidelines 4.A (indicating that the presumptive range for an offender with a criminal-history score of zero charged with second-degree intentional murder is 261 to 367 months in prison). A top-of-the-box sentence is a presumptive sentence under the guidelines. *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008). "A sentence within the range provided in the appropriate box on the sentencing guidelines grid is not a departure from the presumptive sentence." *State v. Delk*, 781 N.W.2d 426, 428-29 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). An appellate court "will not generally review a district court's exercise of its discretion to sentence a defendant when the sentence imposed is within the presumptive guidelines range." *Id.* at 428. Only in a "rare" case will this court reverse a district court's imposition of a presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

The district court stated that it considered the parties' plea agreement, the presentence-investigation report, and appellant's own statements before sentencing appellant. Although appellant argues that her sentence exaggerates the criminality of her offense, she acknowledged that the state agreed not to pursue an indictment for first-degree murder in exchange for her guilty plea. At her sentencing hearing, appellant emphasized that she would not have killed the victim had she not been under the influence of synthetic drugs. But, by pleading guilty, appellant waived her right to

3

present an intoxication defense. Moreover, the district court noted the severity of appellant's offense by stating,

> I was also struck by what I guess I'll say is the cold and calculated way that this was done; that there was . . . an attempt to stab [the victim] in a particular place, that there was a specific intent at pulling the knife out so that bleeding would occur, and that . . . is very troubling.

Although a district court is not required to give reasons when it imposes a sentence within the presumptive-guidelines range, the district court did so here, and its rationale suggests that it properly considered relevant factors before sentencing appellant. *See State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. App. 1985) (stating that the district court is not required to give reasons when it imposes the presumptive sentence). We generally will not interfere with the district court's exercise of its discretion in sentencing, where it is clear that the court "deliberately considered circumstances . . . and exercised its discretion." *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011).

Appellant also claims that her psychiatric and addiction issues mitigate the criminality of her actions and are compelling reasons to impose a 306-month sentence. We disagree. The facts showing appellant's psychiatric issues are thoroughly set forth in the presentence-investigation report, and the district court acknowledged that it reviewed that document before sentencing appellant. Even though the record shows that appellant has a history of psychiatric and substance-abuse issues, the mere presence of mitigating factors does not require the court to impose a reduced sentence. *See State v. Oberg*, 627 N.W.2d 721, 724 (Minn. App. 2001), *review denied* (Minn. Aug. 22, 2001). The record indicates that the district court carefully evaluated the record before it sentenced appellant

to 367 months in prison.  Consequently, we conclude that the district court did not abuse its discretion in sentencing appellant to 367 months in prison.

**Affirmed.**