**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0714**

State of Minnesota,
Respondent,

vs.

Daniel Drljic,
Appellant.

**Filed March 7, 2016**
**Affirmed**
**Connolly, Judge**

Hennepin County District Court
File No. 27-CR-14-11241

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Stauber, Judge; and Reilly, Judge.

**S Y L L A B U S**

For purposes of calculating felony criminal-history points for the crime of second-degree burglary, the burglary of three separate businesses in one building on one day does not constitute a single behavioral incident.

**O P I N I O N**

**CONNOLLY**, Judge

Appellant challenges his 88-month prison sentence for first-degree aggravated robbery, arguing that the district court erred in sentencing him based on a criminal-history score of four. Appellant contends that because his 2011 burglary convictions involved a "single behavioral incident," only two of his three 2011 burglary convictions can properly be counted in his criminal-history score under Minn. Sent. Guidelines 2.B.1.d(2) (Supp. 2013). Because appellant's burglary of three separate businesses in one day does not constitute a single behavioral incident, we affirm.

**FACTS**

In April 2014, respondent State of Minnesota charged appellant Daniel Drljic with first-degree aggravated robbery for his participation in a robbery at a restaurant in Richfield. At an omnibus hearing on December 15, 2014, the district court noted that if appellant were convicted of the first-degree aggravated robbery charge, "the guidelines would call for an 88-month prison term." Respondent offered to "agree to a middle-of-the-box disposition" of an "88-month prison commit" in exchange for not adding additional charges. On January 7, 2015, respondent amended the complaint to add kidnapping, second-degree assault, first-degree assault, and possession of a firearm by an ineligible person charges. On January 23, appellant entered a plea of guilty to the first-degree aggravated robbery charge in exchange for the dismissal of all other charges and an 88-month prison term.

Prior to sentencing, the Minnesota Sentencing Guidelines Commission created a sentencing worksheet for appellant. The sentencing worksheet listed a criminal-history score of four. This score was calculated by adding together three second-degree burglary convictions from February 2011 and a custody status point for being on probation at the time of the April 2014 offense.

On January 30, 2015, the district court sentenced appellant to an 88-month prison term with 18 days' credit for time served. Appellant now appeals his sentence, challenging the district court's determination of his criminal-history score.

**ISSUE**

Did appellant's 2011 burglary convictions and sentences arise from a single behavioral incident such that the district court should have counted only two of the three sentences in his criminal-history score?

**ANALYSIS**

Appellant argues that "[appellant] had a criminal history score of three, and the district court erred in sentencing him with a criminal history score of four." He asserts that because his 2011 burglary convictions involved "a single behavioral incident," only two of his 2011 burglary sentences can properly be counted in his criminal-history score under Minn. Sent. Guidelines 2.B.1.d(2). Respondent contends that "[appellant's] criminal history score was properly calculated because, in addition to 1 custody status point, the three burglaries were motivated by divisible intentions and motivations and, therefore, did not constitute a single behavioral incident."

3

While the record does not contain any direct discussion of appellant's criminal-history score or the sentencing worksheet by the district court, it noted that "the guidelines would call for an 88-month prison term" in this situation and characterized that prison term as a "middle-of-the-box guideline sentence," indicating that the 88-month prison term was the presumptive sentence for appellant under the Minnesota Sentencing Guidelines and was thus necessarily based on his criminal-history score.

A sentence based on an incorrect criminal-history score may be challenged on appeal, regardless of whether the defendant raised the issue in district court. *See State v. Maurstad*, 733 N.W.2d 141, 148 (Minn. 2007) (noting that "a defendant cannot forfeit review of [the defendant's] criminal history score calculation"). We review the district court's determination of a defendant's criminal-history score for an abuse of discretion. *State v. Stillday*, 646 N.W.2d 557, 561 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002).

The sentencing guidelines determine presumptive sentences based on the severity of an offense and the offender's criminal-history score. Minn. Sent. Guidelines 2.C (Supp. 2013). An "offender is assigned a particular weight for every felony conviction for which a felony sentence was stayed or imposed before the current sentencing." Minn. Sent. Guidelines 2.B & cmt. 2.B.101 (Supp. 2013). "When multiple offenses arising from a single course of conduct involving multiple victims were sentenced," the sentencing guidelines instruct the district court to "include in criminal history only the weights from the two offenses at the highest severity levels." Minn. Sent. Guidelines 2.B.1.d(2).

In this case, there is no dispute that the prior burglary convictions, which formed the basis for the three felony criminal-history points, involved multiple victims. Appellant challenges the district court's implicit finding that the 2011 burglary convictions did not arise from a single behavioral incident[1] under Minn. Sent. Guidelines 2.B.1.d(2) and thus should be counted separately for purposes of appellant's criminal-history score. *Id.*

"[T]he factors to be considered in determining whether multiple offenses constitute a single behavioral act are time, place, and whether the offenses were motivated by a desire to obtain a single criminal objective." *State v. Gould*, 562 N.W.2d 518, 521 (Minn. 1997). "Broad statements of criminal purpose do not unify separate acts into a single course of conduct." *State v. Jones*, 848 N.W.2d 528, 533 (Minn. 2014); *see also Gould*, 562 N.W.2d at 521 ("[T]he criminal plan of obtaining as much money as possible is too broad an objective to constitute a single criminal goal . . . .").

The 2011 burglary convictions at issue here arose from a series of events that occurred in the early morning hours of December 9, 2009 at a building housing an art studio, liquor store, and coffee house in St. Paul. Each of the three businesses had its own address and was owned and operated separately.

According to the complaint,[2] appellant and a codefendant gained access to the art studio by prying open the door. An aluminum ruler and aluminum t-square were removed

---

[1] "Legal authorities use the terms 'single course of conduct' and 'single behavioral incident' interchangeably." Minn. Sent. Guidelines 2.B & cmt. 2.B.116. Because both parties use the term "single behavioral incident," that term is used in this opinion.
[2] Both parties use the complaint associated with the 2011 burglary convictions as the factual basis for those convictions for the purposes of this appeal.

from the art studio. Appellant and his codefendant then "gained access to the liquor store next door by breaking through the wall from the art studio to [the liquor store]." They removed items worth $1,364.65 from the liquor store, including "a large amount of boxes of liquor." Appellant and his codefendant entered the coffee house by breaking through a sealed door in the art studio, removed $150, broke the cash register, rummaged through several of the drawers and shelves, and scattered items all over the floor.

Appellant argues that the burglaries of the art studio, liquor store, and coffee house are similar to the burglaries at issue in *Langdon v. State*, 375 N.W.2d 474, 474-77 (Minn. 1985). In *Langdon*, the defendant entered the laundry rooms in seven different buildings within an apartment complex and used a lock pick to open the locked coin boxes on the washers and dryers located therein. *Langdon*, 375 N.W.2d at 475. The district court sentenced the defendant to four concurrent sentences for burglary convictions associated with this incident. *Id.* The supreme court vacated three of the four sentences, reasoning that because the defendant had the same "overall criminal objective" in opening the different locked coin boxes across the complex, the four burglaries arose from a single behavioral incident. *Id.* at 476-77.

*Langdon* is distinguishable from this case. The supreme court in *Langdon* specifically noted that "[i]f [the defendant] had burglarized a number of residences owned by a number of different people in a single afternoon or if he had burglarized the apartments of a number of different people, then multiple punishment might well have been proper." *Id.* at 476. Appellant argues that this statement does not affect the determination at issue here because it addresses a defendant receiving multiple sentences for a single behavioral

6

incident involving multiple victims under the sentencing guidelines, not the calculation of an offender's criminal-history score under Minn. Sent. Guidelines 2.B.1.d(2). However, to the extent that the supreme court's determination in *Langdon* that the defendant had one "overall criminal objective" is dependent on there being a single victim in that case, its reasoning does not apply here.

Appellant also contends that his conduct "even more clearly involved a single behavioral incident" than the defendant's conduct in *Langdon* did. Appellant notes that "he broke into a single building, the three businesses he burglarized were physically connected, and there was no time separating the burglaries." While appellant is correct that the three businesses he burglarized were physically connected as part of one building and the burglaries appear to have been very close in time, the three businesses were functionally separate. Appellant was only able to access the liquor store and coffee house from the art studio after breaking through a wall and a sealed door, respectively.

Moreover, the three burglaries appear to lack the unifying criminal goal necessary for them to constitute a single behavioral incident. Not only did appellant and his codefendant separately break into the three businesses, they also removed different items from each business, including the ruler and t-square from the art studio, boxes of liquor from the liquor store, and $150 in cash from the coffee house. The only apparent unifying criminal goal for the three burglaries was obtaining as much money and valuables as possible, an objective which the supreme court has determined is too broad to constitute a single criminal goal. *See Gould*, 562 N.W.2d at 521. ("[T]he criminal plan of obtaining as much money as possible is too broad an objective to constitute a single criminal goal

7

. . . .") Thus, the three 2011 burglary convictions did not constitute a single behavioral incident such that they should have only been counted as two rather than three criminal-history points in appellant's criminal-history score under Minn. Sent. Guidelines 2.B.1.d(2).

## D E C I S I O N

Because appellant's three 2011 burglary convictions did not constitute a single behavioral incident, the district court did not abuse its discretion in sentencing appellant to an 88-month presumptive sentence based on a total criminal-history score of four.

**Affirmed.**