*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0398**

State of Minnesota,
Respondent,

vs.

Artaveus Shawntez Atkins,
Appellant.

**Filed November 14, 2016
Affirmed
Smith, Tracy M., Judge**

St. Louis County District Court
File No. 69DU-CR-14-3927

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Jonathan D. Holets, Assistant County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH, TRACY M.**, Judge

Appellant Artaveus Shawntez Atkins appeals from his sentence for second-degree assault, arguing that the district court abused its discretion in denying his request for a

downward dispositional departure and sentencing him to the mandatory-minimum sentence of 36 months in a correctional facility. Because the district court did not abuse its discretion in imposing the mandatory-minimum sentence, we affirm.

**FACTS**

Atkins got into a dispute with another customer in a convenience store on November 9, 2014. Atkins left the store briefly, returned shortly thereafter with a shotgun, and threatened to shoot and kill the other customer. Atkins was charged with second-degree assault and terroristic threats.

Pursuant to a plea agreement, Atkins pleaded guilty to second-degree assault and the terroristic threats charge was dismissed. The parties agreed that the state would only argue for the mandatory-minimum sentence and that Atkins could seek a departure. The state asked the court to commit Atkins to the commissioner of corrections for 36 months, which is the mandatory-minimum sentence for a second-degree assault involving a firearm. Minn. Stat. § 609.11, subd. 5(a) (2014). Atkins moved for a downward dispositional departure based on his particular amenability to probation. Atkins argued that his age, lack of prior felony convictions, remorse, and mental illness made him particularly amenable to probation. The presentence investigation identified no substantial or compelling reasons to depart from the mandatory-minimum sentence.

The district court denied Atkins's motion for a downward dispositional departure and sentenced Atkins to 36 months in a correctional facility. In concluding that a departure was not appropriate, the district court cited Atkins's history of alcohol abuse and probation violations as well as his failure to comply with pretrial release conditions.

2

Specifically, during the time between his arrest and sentencing, Atkins was involved in a domestic assault, consumed alcohol, and was arrested for DWI and test refusal.

Atkins appeals.

### D E C I S I O N

District courts have broad discretion in imposing sentences, and we will reverse a sentencing decision only if the district court abused that discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). We "will not ordinarily interfere with a sentence falling within the presumptive sentence range, either dispositionally or durationally, even if there are grounds that would justify departure." *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (quotation omitted); *see State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981) ("[W]e believe that it would be a rare case which would warrant reversal of the refusal to depart.").

A district court may depart from a mandatory-minimum sentence if it finds "substantial and compelling reasons" to do so. Minn. Stat. § 609.11, subd. 8(a). A defendant's "particular amenability to individualized treatment in a probationary setting" may justify a downward dispositional departure from a presumptive commitment to prison. *Soto*, 855 N.W.2d at 308 (emphasis omitted) (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)). Courts may consider many factors in determining whether a defendant is particularly amenable to probation, including the defendant's age, prior criminal record, and remorse. *Trog*, 323 N.W.2d at 31. The district court may focus on whether the presumptive sentence would be best for the individual defendant and for society. *State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983). But "the mere fact that a

3

mitigating factor is present in a particular case does not obligate the court to place defendant on probation." *State v. Oberg*, 627 N.W.2d 721, 724 (Minn. App. 2001) (quotation omitted), *review denied* (Minn. Aug. 22, 2001).

Atkins argues that the district court abused its discretion in refusing to grant a dispositional departure because Atkins was particularly amenable to probation as he was relatively young at 32 years old, had no prior felonies, was remorseful, and suffers from a mental illness. The district court considered Atkins's arguments and weighed them against the sentencing guidelines. The district court noted at the end of the hearing that Atkins "very clearly has mental illness," a fact that "has to be balanced against public safety, justice, [and] mandatory minimums." In determining that departure from the mandatory-minimum sentence was not justified, the district court expressed concern that Atkins had had "repeated incidences of high concentration of the use of alcohol including multiple DUIs, both alleged and proven," and had "repeatedly used illegal drugs while under probationary and court supervision." The district court also reasoned that Atkins "had prison commits due to violations of prior probation" and that, even in the current case, Atkins had violated conditions of his pretrial release by using alcohol, driving while intoxicated, and allegedly committing a domestic assault. Atkins does not claim that any of the district court's cited reasons is untrue or improper. Rather, Atkins argues that factors in favor of departure should have outweighed the unfavorable factors.

Because the imposed sentence is presumptively appropriate under the mandatory-minimum statute, and the district court considered Atkins's arguments on the record and cited legitimate reasons for refusing to depart, we conclude that the district court did not

abuse its broad discretion in sentencing Atkins to the mandatory-minimum sentence without a dispositional departure. *Soto*, 855 N.W.2d at 307-08.

**Affirmed.**