*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A24-0042**

State of Minnesota,
Respondent,

vs.

Abdirashid Ahmed Hassan,
Appellant.

**Filed November 18, 2024
Affirmed
Slieter, Judge**

Ramsey County District Court
File No. 62-CR-20-8009

Keith Ellison, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Alexandra Meyer, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Wheelock, Presiding Judge; Reyes, Judge; and Slieter, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

In this direct appeal from the final judgment of conviction of third-degree criminal sexual conduct, appellant argues that (1) his guilty plea was inaccurate because the factual basis failed to establish the force element of the offense, and (2) the district court abused

its discretion in denying his motion for a downward-dispositional departure. Because his guilty plea was supported by an adequate factual basis and the district court acted within its discretion by imposing a guidelines sentence, we affirm.

## FACTS

Respondent State of Minnesota charged appellant Abdirashid Ahmed Hassan with third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(c) (2020). The case proceeded to a jury trial, but Hassan pleaded guilty before jury selection was complete. During his plea colloquy, Hassan acknowledged that on December 25, 2020, he was at an apartment with A.T., led her into a bedroom, and "forced penetration." The district court accepted Hassan's plea.

Hassan moved for a downward-dispositional departure, arguing that he was particularly amenable to probation. The district court denied the motion and imposed a guidelines sentence of 48 months' imprisonment. Hassan appeals.

## DECISION

I. **Because Hassan's guilty plea is accurate, no manifest injustice exists, and he is not entitled to withdraw the plea.**

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). But a defendant must be allowed to withdraw a guilty plea if it is necessary to correct a manifest injustice. *Id.* "A manifest injustice exists if a guilty plea is not valid." *Id.* at 94. To be valid, "a guilty plea must be accurate, voluntary, and intelligent. A defendant bears the burden of showing his plea was invalid.

2

Assessing the validity of a plea presents a question of law that we review de novo." *Id.* (citations omitted).

Hassan does not dispute that his plea was voluntary and intelligent. He instead focuses his claim solely on its accuracy.

"Accuracy requires that the plea be supported by a proper factual basis, that there must be sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *State v. Schwartz*, 957 N.W.2d 414, 418 (Minn. 2021) (quotation and citation omitted). This requirement "protects a defendant from pleading guilty to a more serious offense than that for which he could be convicted if he insisted on his right to trial." *Raleigh*, 778 N.W.2d at 94. It is the district court's responsibility to "ensure that an adequate factual basis has been established in the record." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Although district courts generally elicit the proper factual basis by asking the defendant to explain what happened, "a defendant may not withdraw [their] plea simply because the court failed to elicit proper responses if the record contains sufficient evidence to support the conviction." *Rosendahl v. State*, 955 N.W.2d 294, 300 (Minn. App. 2021) (emphasis omitted) (quoting *Raleigh*, 778 N.W.2d at 94). "Even if an element to an offense is not verbalized by the defendant, a district court may nevertheless draw inferences from the facts admitted to by the defendant." *Id.* at 299 (emphasis omitted).

Hassan claims that his guilty plea was inaccurate because the factual basis supporting the plea did not establish that he used force to accomplish penetration. *See* Minn. Stat. § 609.344, subd. 1(c).

During the plea hearing, Hassan stated that he "forced penetration." Following two off-the-record discussions, Hassan's attorney asked him: "You physically used your body to force your penis into her vagina; is that true?" Hassan answered: "Yes."

Hassan admitted that he "forced penetration" and "raped" A.T. He agreed that he "physically used [his] body to force [his] penis into her vagina," and that he "pushed her down when [he] inserted [his] penis into her vagina." These acknowledgments by Hassan demonstrate that he committed the offense using force. *See Nelson v. State*, 880 N.W.2d 852, 861 (Minn. 2016) (observing that "before a plea of guilty can be accepted, the trial judge must make certain that facts exist from which the defendant's guilt of the crime charged can be reasonably inferred.") Hassan's plea colloquy demonstrated a sufficient factual basis to establish his guilt of third-degree criminal sexual conduct, and, therefore, he is not entitled to a plea withdrawal.

## II.     The district court acted within its discretion by imposing a guidelines sentence.

A district court must impose a sentence within the Minnesota Sentencing Guidelines' presumptive range unless it finds substantial and compelling circumstances to depart. *See State v. Barthman*, 938 N.W.2d 257, 270 (Minn. 2020). "Substantial and compelling circumstances" are circumstances that make the facts of a particular case distinct from a typical case. *Taylor v. State*, 670 N.W.2d 584, 587 (Minn. 2003). If a district court finds such circumstances exist, it may, but is not required to, depart from the presumptive sentence. *See Wells v. State*, 839 N.W.2d 775, 781 (Minn. App. 2013), *rev. denied* (Minn. Feb. 18, 2014). The district court is not required to give an explanation when it considers reasons for departure but nevertheless imposes a presumptive sentence.

4

*See State v. Musse*, 981 N.W.2d 216, 220 (Minn. App. 2022), *rev. denied* (Minn. Dec. 28, 2022). We will affirm a presumptive sentence if the record demonstrates that "the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *rev. denied* (Minn. Sept. 17, 2013). "When the record contains evidence of factors supporting departure, which could have been, but were not, considered by the district court, we may remand for consideration of those factors." *Id.* at 925-26. We review a district court's decision not to depart from the sentencing guidelines for an abuse of discretion. *State v. Oberg*, 627 N.W.2d 721, 724 (Minn. App. 2001), *rev. denied* (Minn. Aug. 22, 2001).

Hassan claims that the district court abused its discretion by denying his motion for a downward-dispositional departure, claiming his particular amenability to probation provides a substantial and compelling reason to depart.

A dispositional departure modifies whether a prison sentence is stayed or executed. Minn. Sent'g Guidelines 1.B.5.a (2022). "A dispositional departure typically focuses on characteristics of the defendant that show whether the defendant is particularly suitable for individualized treatment in a probationary setting." *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016). Because dispositional departures are based on the characteristics of the offender, the focus is on "several factors that can be relevant to determining if a defendant is particularly amenable to probation, including 'the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or

family.'" *State v. Soto*, 855 N.W.2d 303, 310 (Minn. 2014) (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)).

The memorandum accompanying Hassan's departure motion opined that Hassan is particularly amenable to probation. It noted Hassan's young age at the time of the offense, lack of criminal history, and community support as reasons to depart. The memorandum addressed the concern that Hassan harbors sexist views of women, noting that he "grew up . . . with very different culture gender-norms than in the United States." The memorandum opined that "sex offender treatment would provide education to modify" his "sexist views of women."

However, Hassan denied guilt during his interview as part of the presentence investigation (PSI) and during his psychosexual evaluation. The PSI recommended an executed guidelines sentence. The psychosexual evaluator observed that Hassan "appears to harbor significant sexist views of women which likely supported his acting out behaviors," and opined that he "has a high need for services" because "he denies his offense behavior and does not take responsibility for his actions."

At the start of the sentencing hearing, the district court noted that it had received and reviewed Hassan's departure motion and memorandum, PSI, and psychosexual evaluation. And, after allowing the state to make its argument, Hassan's attorney provided the district court with letters from Hassan's mother and family friend. The district court heard from A.T. who described struggling with depression and post-traumatic stress disorder following the incident. Hassan also spoke at sentencing and apologized to A.T.

6

Hassan disputed the claim that he holds sexist views towards women, noting that he has three sisters, supports his family, and is an active member of his community.

The district court reiterated that it reviewed the PSI and "adopt[ed] the factual statements contained in the . . . report." The district court stated, "I've read everything possible that I can about you to try to get a sense of what happened here." While acknowledging that Hassan apologized to A.T. at sentencing, the district court expressed concern about his refusal to take responsibility for his actions. The district court denied Hassan's motion stating that it "can't find that [Hassan is] particularly amenable to treatment or probation."

The record shows that the district court considered factors for and against departure and, therefore, acted within its discretion by imposing a guidelines sentence. *Johnson*, 831 N.W.2d at 925.

**Affirmed.**