**STATE of Minnesota, Respondent,**

v.

**James Bernard SMITH, Appellant.**

**No. 47632.**

Supreme Court of Minnesota.

Sept. 8, 1978.

C. Paul Jones, Public Defender, J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, David W. Larson, and Lee W. Barry, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

After a joint trial, defendant and his codefendant, Joyce Johnson, were found guilty by a district court jury of charges of aggravated robbery and aggravated assault (inflicting great bodily harm), Minn.St. 609.245 and 609.225, subd. 1. Defendant was sentenced by the trial court to a term of 3 to 20 years in the state prison on the robbery conviction, § 609.245 and 609.11. On this appeal from judgment of conviction defendant contends that there was legally insufficient evidence of this guilt, that the prosecutor committed prejudicial misconduct in his closing argument, and that his sentence to a minimum term of 3 years should be voided because the statute authorizing it, § 609.11, is constitutionally defective because it vests the prosecutor with unlimited discretion in deciding whether to invoke it.[1] We affirm.

---

1. Minn.St. 609.11 provides as follows: "Subdivision 1. All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when sentence is to life imprisonment as required by law and except that any commitment following the defendant's first conviction of an offense wherein he had in his possession a firearm or used a dangerous weapon at the time of the offense shall be for a term of not less than one year plus one day, nor more than a maximum sentence provided by law for the offense for which convicted, and except that any commitment following defendant's second or subsequent conviction of an offense wherein he had in his possession a firearm or used a dangerous weapon at the time of the offense shall be for a term not less than three years, nor more than the maximum sentence provided by law for the offense for which convicted, and such person shall not be eligible for parole until he shall have served the full minimum sentence herein provided, notwithstanding the provisions of sections 242.19, 243.05, 609.12 and 609.135. The offenses for which mandatory minimum sentences shall be served as herein provided are: aggravated assault, burglary, kidnapping, manslaughter, murder in the second or third degree, rape, robbery, sodomy, escape while under charge of conviction of a felony, or discharge of an explosive or incendiary device.

There is no merit to either of the first two issues. Our disposition of the third issue is controlled by the recent decision of the United States Supreme Court in *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). That case dealt with the issue of whether the Fourteenth Amendment was violated when a state prosecutor carried out a threat made during plea negotiations to reindict the defendant on a more serious charge if he did not plead guilty to the offense with which he was originally charged. In holding that the Constitution was not violated, the court had the following to say on the subject of prosecutorial discretion:

" * * * In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446." 434 U.S. 364, 98 S.Ct. 668, 54 L.Ed.2d 611.

There is no claim or showing in this case of discrimination in enforcement on the basis of some unjustifiable standard.

Affirmed.

"Subd. 2. *The provisions of subdivision 1 shall apply to informations and indictments charging any offense enumerated therein which* alleges possession of the firearm or use of the weapon and cite this section." (Italics supplied.)