STATE OF MINNESOTA

IN SUPREME COURT

A14-2057

Court of Appeals                                                                       Lillehaug, J.
                                                                     Took no part, Hudson, J.

State of Minnesota,

                    Respondent,

vs.                                                                      Filed:  August 3, 2016
                                                                 Office of Appellate Courts
Timothy John Bakken,

                    Appellant.

_____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Gregory A. Widseth, Polk County Attorney, Andrew W. Johnson, Assistant Polk County Attorney, Crookston, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant State Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

1.     Minnesota Statutes § 617.247 (2014) authorized the State to charge appellant with a separate criminal count for each distinct "pornographic work" involving minors that appellant possessed, even though those works were stored on a single computer.

1

2.     The conduct underlying appellant's offenses was not part of a single behavioral incident, and thus the district court did not err in imposing a sentence for each conviction.

Affirmed.

Considered and decided by the court.

O P I N I O N

LILLEHAUG, Justice.

Between November 2012 and June 2013, appellant Timothy Bakken downloaded, viewed, and saved to his computer's hard drive seven pornographic images of minors engaged in sexual conduct. He downloaded and saved these photographs on different days—one each on November 9, December 2, December 9, December 14, March 5, April 28, and June 4. Each photograph depicted a different minor. After police seized Bakken's computer and discovered the images, he was charged with seven counts of Possession of Pornographic Work Involving Minors, in violation of Minn. Stat. § 617.247, subd. 4(a) (2014).

Bakken pleaded guilty to all seven counts. In establishing the factual basis for the plea, he admitted that an individual he had met in an online chat room had sent him the images. He further admitted that, after the images were sent, he downloaded them, viewed them, and saved them on his computer's hard drive on the dates alleged in the complaint. Before sentencing, Bakken filed a motion in which he argued that (1) he could only be convicted and sentenced for one count of possession because the "unit of prosecution" in the statute is possession of the computer, rather than the individual

2

images stored on it, and (2) his offenses were part of a single behavioral incident. The district court denied Bakken's motion, ruling that the statute authorized the State to separately charge Bakken with possession for each pornographic image and that Bakken's offenses were not part of the same behavioral incident. Accordingly, the court imposed seven concurrent sentences, with the longest sentence being an executed term of 51 months in prison.[1]

Bakken appealed and the court of appeals affirmed. *State v. Bakken*, 871 N.W.2d 418, 420 (Minn. App. 2015). Because we conclude that Minn. Stat. § 617.247 authorized the State to charge appellant with a separate count for each distinct pornographic work that appellant possessed, and appellant's conduct in possessing the pornographic works was not part of a single behavioral incident, we affirm.

I.

We first consider whether the State could properly charge multiple counts of possession of child pornography under Minn. Stat. § 617.247. Whether a defendant commits one or more distinct offenses under a criminal statute depends on the statute's "unit of prosecution." *Sanabria v. United States*, 437 U.S. 54, 69-70 (1978) (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952)). Violations of the same statutory provision may be charged multiple times in a single prosecution if the Legislature "intended the facts underlying each count to make up a separate unit of

---

[1] The sentencing guidelines range was 51-60 months. Had Bakken been convicted and sentenced on only one count, the presumptive sentence would have been a stayed term of 30 months.

3

prosecution." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005); *see also State v. Stith*, 292 N.W.2d 269, 273-75 (Minn. 1980) (holding that the statute authorized charging seven counts of securities fraud based on seven misrepresentations because the Legislature intended each misrepresentation to be a separate offense).  Accordingly, we must consider the language of the statute criminalizing the possession of child pornography to determine whether the State was authorized to charge Bakken with seven separate counts of possession.

Minnesota Statutes § 617.247, subd. 4(a), provides:  "A person who possesses a pornographic work or a computer disk or computer or other electronic, magnetic, or optical storage system or a storage system of any other type, containing a pornographic work, knowing or with reason to know its content and character, is guilty of a felony . . . ."  Bakken contends that, because all of the pornographic works he possessed were stored on a single computer, the statute is ambiguous as to the unit of prosecution. He contends that in a factual scenario such as this one, the Legislature intended to authorize only a single charge for possession of the computer containing the works.  This ambiguity, he asserts, requires that we apply the rule of lenity and construe the statute to authorize only a single charge.  The State responds that the statute unambiguously authorizes the charging of a separate count for each distinct pornographic work a person possesses, regardless of where the work is stored.

Statutory interpretation presents a question of law that we review de novo.  *State v. Smith*, 876 N.W.2d 310, 336 (Minn. 2016).  The goal of statutory interpretation is to ascertain and effectuate the intent of the Legislature.  Minn. Stat. § 645.16 (2014);

4

*State v. Irby*, 848 N.W.2d 515, 518 (Minn. 2014). When the words of a statute in their application to an existing situation are clear and free from all ambiguity, we give effect to the plain meaning of the law. *State v. Mauer*, 741 N.W.2d 107, 111 (Minn. 2007). But a statute is ambiguous if, as applied to the facts of the case, it is susceptible to more than one reasonable interpretation. *See State v. Schmid*, 859 N.W.2d 816, 820 (Minn. 2015). In determining whether the statute is ambiguous, we consider the "canons of interpretation" listed in Minn. Stat. § 645.08 (2014), and interpret the statute as a whole to "harmonize and give effect to all its parts," presuming that the Legislature "intended the entire statute to be effective and certain." *State v. Riggs*, 865 N.W.2d 679, 682-83 (Minn. 2015).

We conclude that Minn. Stat. § 617.247 unambiguously criminalizes *both* the possession of a pornographic work itself *and* the possession of a computer storing a pornographic work. Therefore, it was within the State's authority to charge Bakken with seven separate counts of possession for seven distinct pornographic works. The two items that the statute prohibits possessing—"a pornographic work" and "a computer . . . containing a pornographic work"—are linked in the statute by the word "or." Minn. Stat. § 617.247, subd. 4(a). The word "or" is typically read as disjunctive, requiring that only one of the possible factual situations linked by the "or" be present for the statute to be violated. *State v. Loge*, 608 N.W.2d 152, 155 (Minn. 2000). The plain language of the statute does not restrict the State's authority to bring charges when pornographic works are possessed by an individual and stored on a computer; rather, the statute criminalizes the possession of two different things.

5

This straightforward reading of the statute comports with our decision in *State v. Stith*, in which we confronted a strikingly similar question and came to the same conclusion. 292 N.W.2d 269. In *Stith*, the statute provided that a person could commit securities fraud in three ways: by employing a scheme to defraud, by engaging in a fraudulent business, or by making an untrue statement of material fact in connection with the sale of securities. *Id.* at 273. The State charged Stith with multiple counts, one count for each untrue statement. *Id.* Stith contended that, because his conduct satisfied all three provisions and he employed only a single scheme or business to defraud, the State could charge only one count of securities fraud. *Id.* at 274. We rejected that argument, noting that the use of the word "or" in the statute made the alternative methods of violating the statute disjunctive, which gave the State the authority to choose among the provisions in prosecuting Stith. *Id.*

As in *Stith*, the statute in this case can be violated in multiple ways. That the definitions of criminal activity may overlap does not require the State to charge the case in a way that is the most advantageous to the defendant. *See State v. Lee*, 683 N.W.2d 309, 315 (Minn. 2004) (noting that, when definitions of criminal offenses overlap, "the state has the discretion to charge a person with the offense which is best supported by the available evidence and which carries a penalty commensurate with the culpable acts involved").

In urging us to reach the opposite conclusion, Bakken argues that, when read as a whole, the statute is ambiguous as to the unit of prosecution because the "statute's first clause . . . allows a charge for possession of the work" whereas "the second clause" is

6

"plainly for possession of the medium."  Accordingly, he contends, an interpretation that allows the State to charge separately for possession of individual works stored on a computer renders the second clause superfluous.  *See Riggs*, 865 N.W.2d at 683 (stating that in determining whether a statute is ambiguous, we consider whether a particular interpretation will "give effect to all of [the statute's] provisions").  But that is not the case.  Under the State's proffered reading, the second clause of the statute is not duplicative of the first; it criminalizes possession of a different item (the computer versus the work).

Appellant's surplusage argument assumes that, when a person possesses a computer that contains a pornographic work, the person necessarily possesses the pornographic work contained therein.  That assumption is not always true.  For instance, a person can possess a computer jointly with another, as with a roommate or spouse.  *See Lee*, 683 N.W.2d at 316 n.7.  Assume one person has password access to the illegal images, and the other does not, but knows that the images are on the computer.  *See id.* (explaining that one constructively possesses contraband if he or she keeps the item in a place under his or her exclusive control, or if it can be shown that he or she consciously exercised dominion and control over the item).  In that case, the latter person would violate the statute's second clause but not its first.

Moreover, appellant's proffered reading would require us to limit the first clause of the statute to incorporate only part of the statutory definition of "pornographic work." *See* Minn. Stat. § 617.246, subd. 1(f) (2014).  That definition encompasses digital images of the type stored on appellant's computer and produced for viewing on a computer

7

monitor.  *See id.*, subd. 1(f)(2) (defining "pornographic work," in part, as "any visual depiction, including any photograph [or] . . . picture . . . produced by electronic . . . means").  The theory offered by appellant—that when a work is stored on a computer, the State may no longer prosecute possession of the work itself—would require us to ignore the parts of the statutory definition of "pornographic work" that criminalize the possession of digital pornographic works themselves.  We have "no opportunity to ignore part of the legislature's definition," *State v. Peck*, 773 N.W.2d 768, 773 (Minn. 2009), of "pornographic work."

Finally, our conclusion regarding the unit of prosecution is in accord with the way that foreign courts have viewed the same question.  In states in which the applicable statute criminalizes possession of the pornographic work itself, as ours does, courts have regularly determined that possession of each individual pornographic work constitutes a separate offense.  *See, e.g.*, *Peterka v. State*, 864 N.W.2d 745 (N.D. 2015).[2]  Other foreign courts have concluded that their statutes criminalizing possession of child pornography are ambiguous as to the unit of prosecution, but typically only when the

---

[2]     *See also Fink v. State*, 817 A.2d 781 (Del. 2003); *State v. Fussell*, 974 So. 2d 1223 (La. 2008); *State v. Cobb*, 732 A.2d 425 (N.H. 1999); *Commonwealth v. Davidson*, 938 A.2d 198 (Pa. 2007); *State v. McKinney*, 699 N.W.2d 460 (S.D. 2005); *State v. Morrison*, 31 P.3d 547 (Utah 2001); *State v. Multaler*, 643 N.W.2d 437 (Wis. 2002).

In jurisdictions in which the applicable statute, by its terms, criminalizes possession only of the medium storing the pornographic work rather than possession of individual works themselves, the unit of prosecution is possession of the storage medium. *See United States v. Woerner*, 709 F.3d 527, 540 (5th Cir. 2013); *State v. Muhlenbruch*, 728 N.W.2d 212 (Iowa 2007).

statute in question, unlike ours, uses a collective or plural term in describing what is unlawful to possess. *See, e.g., State v. Olsson*, 324 P.3d 1230 (N.M. 2014).[3]

In sum, because Minn. Stat. § 617.247 unambiguously criminalizes both possession of an individual pornographic work and possession of a storage system containing a pornographic work, the State had authority to charge Bakken with a count of violating the statute for each pornographic work he possessed.[4]

II.

We now turn to the question of whether the district court erred in determining that Bakken's criminal conduct was not part of a single behavioral incident. Subject to various exceptions, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses." Minn. Stat. § 609.035, subd. 1 (2014). Thus, the law generally "prohibits multiple sentences, even concurrent sentences, for two or more offenses that were committed as part of a single behavioral incident." *State v. Ferguson*, 808 N.W.2d 586, 589 (Minn. 2012) (quoting *State v. Norregaard*, 384 N.W.2d 449, 449 (Minn. 1986)). When, as here, all of the crimes at issue contain an intent element, we determine whether the crimes were part of a single behavioral incident by considering (1) whether "the offenses occurred at substantially the same time and place," *State v. Jones*, 848 N.W.2d 528, 533 (Minn.

---

[3]    *See also Girard v. State*, 883 So. 2d 717 (Ala. 2003); *State v. Liberty*, 370 S.W.3d 537 (Mo. 2012); *State v. Sutherby*, 204 P.3d 916 (Wash. 2009).

[4]    Because the statute is unambiguous, the rule of lenity is inapplicable. *Loge*, 608 N.W.2d at 156.

2014), and (2) whether the conduct "was motivated by an effort to obtain a single criminal objective," *State v. Bauer*, 792 N.W.2d 825, 828 (Minn. 2011).

The State bears the burden of proving, by a preponderance of the evidence, that a defendant's offenses were not part of a single behavioral incident. *State v. Williams*, 608 N.W.2d 837, 841-42 (Minn. 2000). Whether the offenses were part of a single behavioral incident is a mixed question of law and fact, so we review the district court's findings of fact for clear error and its application of the law to those facts de novo. *Jones*, 848 N.W.2d at 533. Determining whether multiple offenses are part of a single behavioral incident is not a "mechanical" exercise, but rather requires an examination of all the facts and circumstances. *State v. Soto*, 562 N.W.2d 299, 304 (Minn. 1997).

In this case, the parties agree that Bakken's seven offenses were committed in the same place: his bedroom in his mother's house in Polk County. Thus, we consider whether the offenses occurred at substantially the same time, and whether they were motivated by an effort to obtain a single criminal objective.

Because Bakken did not commit each of the possession crimes at substantially the same time, this factor weighs against him. Although a crime of possession is a continuing offense, *State v. Lawrence*, 312 N.W.2d 251, 253 (Minn. 1981), it is complete when the offender takes possession of the prohibited item, *see Bauer*, 792 N.W.2d at 828-29 (concluding that a possession offense and a controlled-substance-sale offense were committed at different times because the possession, though continuing, was completed before the sale offense occurred). Two of Bakken's offenses were completed 5 days apart, and other offenses were separated by over a month.

10

Bakken's offenses also were not committed to obtain a single criminal objective, which means this factor also weighs against him. In analyzing this factor, we examine the relationship of the offenses to one another. *Jones*, 848 N.W.2d at 533. We consider "whether all of the acts performed were necessary to or incidental to the commission of a single crime and motivated by an intent to commit that crime." *State v. Krampotich*, 282 Minn. 182, 186-87, 163 N.W.2d 772, 776 (1968).

Even assuming that Bakken possessed each of the pornographic works to satisfy his sexual urges, the mere fact that he committed multiple crimes over time for the *same* criminal objective does not mean he committed those crimes to attain a *single* criminal objective. *See Soto*, 562 N.W.2d at 304 (explaining that when the defendant was convicted of selling cocaine on 4 different days over a 1-month period, although each sale was motivated by the same desire to profit, "[t]he separate sales were not motivated by a desire to obtain a single criminal objective" because a "criminal plan of obtaining as much money as possible is too broad an objective . . . within the meaning of section 609.035"); *State v. Eaton*, 292 N.W.2d 260, 266-67 (Minn. 1980) (explaining that when appellant was convicted of two counts of theft by swindle for acts occurring 3 days apart, the objective of "swindl[ing] as much as possible" was "too broad to be a single criminal goal").

Here, Bakken's offenses were not in furtherance of, or even incidental to, the successful completion of any of his other offenses. *See State v. Banks*, 331 N.W.2d 491, 494 (Minn. 1983) (concluding that a gun-possession offense and a fleeing-police offense were not part of the same behavioral incident because both offenses could be explained

11

"without necessary reference to the [other] offense"); *Mercer v. State*, 290 N.W.2d 623, 626 (Minn. 1980). And because Bakken's offenses were completed at substantially different times, other cases in which we have concluded that an offender had a single criminal goal in committing multiple offenses over a shorter, discrete time period are inapposite.[5] *See, e.g.*, *Langdon v. State*, 375 N.W.2d 474, 476 (Minn. 1985) (reasoning that defendant's "overall criminal objective" was "to steal as much money as he could that afternoon" by burglarizing several laundry rooms in the same apartment complex); *State v. Herberg*, 324 N.W.2d 346, 347, 349 (Minn. 1982) (reasoning that defendant's "underlying motivation remained the same" in committing four violent offenses against the same victim over the course of an afternoon).

Bakken, however, argues that when assessing whether possession offenses are part of a single behavioral incident, we should depart from our well-established test and instead adopt a new "flexible" one that "de-emphasizes" the factor of time, focusing only on the time when the defendant's possession of illegal items was discovered. He argues that such a test is necessary to address potential sentencing disparities attributable to overly aggressive prosecutorial charging decisions.

---

[5]    Of course, whether the offenses were committed at substantially the same time is an independent factor in the single-behavioral-incident determination. In cases in which an offender repeatedly commits the same offense, however, the timing of those offenses is relevant to determining whether the offender had a *single* criminal objective, or merely the *same* criminal objective. *Compare Langdon v. State*, 375 N.W.2d 474, 476 (Minn. 1985) (concluding that four burglaries of an apartment complex, committed on the same afternoon, were committed with a single "overall criminal objective"), *with Eaton*, 292 N.W.2d at 266-67 (concluding that two thefts, committed 3 days apart and by swindling the same victims, were not committed with a single criminal objective).

Certainly, the sheer number of pornographic works that some offenders possess may counsel the cautious exercise of prosecutorial discretion. But "[w]ithin the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement' " is acceptable so long as that selectivity is not discriminatory. *State v. Smith*, 270 N.W.2d 122, 124 (Minn. 1978) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). And as we said in *Stith*, "harsh results of the statute [can] be modified by the charging authorities, the trial judge through section 609.035 [if applicable], or general sentencing discretion." 292 N.W.2d at 275. Indeed, such sentencing discretion was actually exercised in this case: Bakken received 51 months in prison—the shortest sentence the court could impose without departing from the sentencing guidelines.

Bakken, though, argues that it is highly relevant to the "single behavioral incident" inquiry that his multiple possession offenses were discovered by law enforcement at the same time. In support of his argument, Bakken points to *State v. Carlson*, in which we held that possession of 29 obscene films, all discovered by police at the same time, could support only one sentence for possession of obscene material with intent to sell. 291 Minn. 368, 369-70, 381, 192 N.W.2d 421, 423, 429 (1971). That case is easily distinguishable, however, as there was no indication that the State could establish that the defendants possessed the films or offered them for sale at any time or place other than when and where they were discovered by police. When the offenses are committed is a factor in our section 609.035 determination. *See Mercer*, 290 N.W.2d at 626; *see also Banks*, 331 N.W.2d at 494 (concluding that the possession offense discovered upon arrest

for the fleeing-police offense were separate behavioral incidents).  Here, by contrast, Bakken began his possession of the pornographic works at different times.

Therefore, because Bakken's offenses were completed at substantially different times, and because his conduct was not motivated by an effort to obtain a single criminal objective, the district court did not err in sentencing Bakken on each of the separate possession convictions.

Affirmed.

HUDSON, J., took no part in the consideration or decision of this case.