GILDEA, Chief Justice.
*2 Minnesota Statutes section 609.582, subdivision 1(b) (2018) elevates burglary to a first-degree offense if "the burglar possesses, when entering or at any time while in the building, ... any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon." This case asks us to determine whether the victim must be physically present during the burglary for a conviction under subdivision 1(b). Because we conclude that the victim must be physically present under this subdivision, we reverse the decision of the court of appeals and remand to the district court for resentencing consistent with this opinion.
FACTS
On June 14, 2016, appellant Deronti Rogers Jr. burglarized J.T.'s house while J.T. and her children were away from home. A neighbor looking out of her window saw Rogers break open the back door of J.T.'s house and go inside. The neighbor called 911 and watched as Rogers made three trips in and out of the house, leaving with a television or other items each time.
When the police arrived, they found Rogers walking through an alley behind the house. The two responding officers parked their squad car on the street near the end of the alley and walked toward Rogers. As the officers approached, Rogers dropped an item that one of the officers believed was a gun. The officers yelled at Rogers to get on the ground and arrested him. After the arrest, the officers discovered that the dropped item was a .177-caliber Daisy BB gun. The BB gun had no orange cap or other feature to distinguish it from a real firearm.
The State subsequently charged Rogers with one count of first-degree burglary under Minn. Stat. § 609.582, subd. 1(b), and one count of second-degree burglary under Minn. Stat. § 609.582, subd. 2(a)(1) (2018). Rogers waived his right to a jury trial, and the case was tried to the court. After trial, the district court convicted Rogers of both counts.
Only the first-degree burglary conviction is at issue on appeal. A person commits first-degree burglary under Minn. Stat. § 609.582, subd. 1(b), if he or she commits a burglary while possessing "any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon" either "when entering or at any time while in the building." The district court found that Rogers possessed the BB gun at some point while inside the house[1] and determined that the BB gun *3 qualified as an article "fashioned in a manner to lead someone to reasonably believe it to be a dangerous weapon." (Emphasis added). The court therefore found Rogers guilty of first-degree burglary.
Rogers appealed his first-degree conviction, arguing that subdivision 1(b) requires that the victim be present and reasonably believe the item is a dangerous weapon. See State v. Rogers , 912 N.W.2d 687, 691 (Minn. App. 2018). The court of appeals rejected the argument and held that the statute's plain language "does not require a burglary victim to be present, observe the article fashioned as a dangerous weapon, [or] subjectively conclude that it is a dangerous weapon." Id. at 693. The court of appeals concluded that the statute requires only "that the article's appearance supports an objective belief that it is a dangerous weapon." Id. Accordingly, the court affirmed Rogers's first-degree burglary conviction. Id. at 695.
We granted Rogers's petition for review.
ANALYSIS
In this appeal, the parties disagree over the interpretation of the first-degree burglary statute, in particular, Minn. Stat. § 609.582, subd. 1(b). Statutory interpretation is a question of law that we review de novo. State v. Bakken , 883 N.W.2d 264, 267 (Minn. 2016). Our role in interpreting statutes is to "ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2018). To do so, we first determine whether the statutory language is ambiguous. State v. Struzyk , 869 N.W.2d 280, 284-85 (Minn. 2015). A statute is ambiguous when it is "susceptible to more than one reasonable interpretation." State v. Henderson , 907 N.W.2d 623, 625 (Minn. 2018). If a statute is not ambiguous, we apply its plain meaning. Larson v. State , 790 N.W.2d 700, 703 (Minn. 2010).
In determining a statute's plain meaning, "words and phrases are construed according to rules of grammar and according to their common and approved usage." Minn. Stat. § 645.08(1) (2018) ;[2] see also State v. Garcia-Gutierrez , 844 N.W.2d 519, 521 (Minn. 2014). In addition, the meaning of a word is informed by how it is used in the context of a statute. Henderson , 907 N.W.2d at 626. We consider a statute as a whole " 'to harmonize and give effect to all its parts.' " Id. at 627 (quoting Bakken , 883 N.W.2d at 268 ). And we presume that "the Legislature intended the entire statute to be effective and certain." Id.
Minnesota's first-degree burglary statute provides:
Whoever ... enters a building without consent and commits a crime while in the building ... commits burglary in the first degree ... if:
...
(b) the burglar possesses, when entering or at any time while in the building, any of the following: a dangerous weapon, any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or an explosive ....
Minn. Stat § 609.582, subd. 1 (2018). Rogers was convicted under subdivision 1(b) for possessing an item "fashioned[3] in a *4 manner to lead the victim to reasonably believe it to be a dangerous weapon" during the burglary.
The parties agree that subdivision 1(b) is unambiguous but argue that the plain meaning of the subdivision supports their respective interpretations.[4] Their disagreement centers on how the language "in a manner to lead the victim to reasonably believe [the item] to be a dangerous weapon" functions. Rogers asserts that, in addition to possession of the item at issue, the language adds another element. Specifically, Rogers argues that a conviction under this provision "requires that the victim be present and actually believe the article is a dangerous weapon."
The State, on the other hand, claims that the language merely describes the nature of the article that the burglar must possess. To support its interpretation, the State points to the word "possesses" and the dictionary definition of "fashioned." First, the State argues that the actus reus, that is, the wrongful deed, of the subdivision is possession. Second, the State asserts that "fashioned" means "to give shape or form" or to "make." The American Heritage Dictionary of the English Language 641 (5th ed. 2011). Because an item becomes "fashioned" at the moment it is formed or altered, the State argues that a burglar has violated subdivision 1(b) at the moment the burglar possesses the already-fashioned item in the building. Following this logic, the State concludes-as did the district court and the court of appeals-that the rest of the provision refers to the nature of the article, requiring it to be such that "a burglary victim would reasonably believe it was a dangerous weapon."[5]
We agree with Rogers that the plain language of Minn. Stat § 609.582, subd. 1(b), requires the victim to be present. Subdivision 1(b) requires that the item be "fashioned in a manner to lead the victim," not a victim, to reasonably believe the item is a dangerous weapon. (Emphasis added). "The" is a limitation word that refers to a specific person or thing. State v. Hohenwald , 815 N.W.2d 823, 830 (Minn. 2012) ; see also American Heritage Dictionary , supra , at 1803. And we have repeatedly held that it is "textually significant" when the Legislature uses "the" rather than "a" or "an." See, e.g. , Struzyk , 869 N.W.2d at 286. Under the plain language *5 of the first-degree burglary statute, it is not enough for an item to be fashioned in a manner to lead a victim to believe that it is a dangerous weapon. The item must be fashioned to lead the victim to believe that it is a dangerous weapon. In requiring that "the victim" have the reasonable belief, the statute requires that that specific victim be present.[6]
Despite the plain meaning of "the victim," the State argues that the statute cannot be interpreted to require that the victim be present because the statute uses the words "to lead." Specifically, the State asserts that "to lead" is an infinitive verb and that such verbs represent "intentions, desires, or expectations." According to the State, if the Legislature had intended to require the victim to be present and subjectively believe the article is a dangerous weapon, it would have used a progressive verb like "leading" or "causing." We are not persuaded because the context of the statute makes clear that the victim must be present.[7]
Subdivision 1(b) includes both items that are "used " and items that are "fashioned ." The parties agree that the victim has to be present for the "used" portion of the statute. We agree as well. One dictionary defines "used" as "put into action or service." Webster's Third New International Dictionary 2523 (2002). If "the victim" is not present, the weapon cannot be put into action against that person. The same must be true for items that are "fashioned" because the statute attaches "used or fashioned" to the same requirement-the victim's reasonable belief that the item is a dangerous weapon. In other words, the context of the statute confirms that the meaning of the phrase "in a manner to lead the victim to reasonably believe it to be a dangerous weapon" does not change depending on which verb (used or fashioned) is applied. See Henderson , 907 N.W.2d at 627 ("[W]e ... consider the *6 statute as a whole 'to harmonize and give effect to all its parts ....' " (quoting Bakken , 883 N.W.2d at 268 )).
But, the State argues, requiring the victim's presence both when the weapon is "used" and when the weapon is "fashioned" renders "fashioned" superfluous. We disagree. There are certainly circumstances where a weapon could be used against the victim and fashioned at the same time; but there are also circumstances where a weapon could be fashioned in such a way that the victim reasonably believes it is a dangerous weapon, but that weapon is not used on the victim.
In sum, if subdivision 1(b) was intended to require only that the article's appearance "supports an objective belief that it is a dangerous weapon"-as the court of appeals determined, Rogers , 912 N.W.2d at 693 -the Legislature would have drafted the statute to say that a person commits first-degree burglary if he or she possesses "any article used or fashioned in a manner that makes it reasonably appear to be a dangerous weapon." But the Legislature chose to require that the item be "used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon." Minn. Stat. § 609.582, subd. 1(b) (emphasis added). We must give effect to the Legislature's inclusion of "the victim" in subdivision 1(b). Given the plain language of the provision as a whole, we conclude that Minn. Stat. § 609.582, subd. 1(b), requires the victim to be physically present during the burglary.
Because it is undisputed that the victim was not physically present during the burglary, we hold that the evidence is not sufficient to support Rogers's conviction of first-degree burglary.
CONCLUSION
For the foregoing reasons, we reverse the decision of the court of appeals and remand to the district court with directions to vacate the conviction and sentence for first-degree burglary, enter a judgment of acquittal on the first-degree burglary charge, and sentence Rogers on the second-degree burglary conviction.
Reversed and remanded

At the court of appeals, Rogers argued that there was insufficient evidence to prove that he possessed the BB gun while entering or inside the house. See State v. Rogers , 912 N.W.2d 687, 693-95 (Minn. App. 2018). The court of appeals affirmed the district court's finding, id. , and Rogers does not raise the issue on appeal to our court.

The dissent faults us for relying on what it terms "grammatical conventions." But the Legislature itself has instructed that we are to follow the rules of grammar.

The State does not argue that Rogers "used" the BB gun, only that it was "fashioned" as a dangerous weapon. The decisions of the district court and the court of appeals were similarly rooted. See Rogers , 912 N.W.2d at 693. In addition, Rogers does not argue that he did not fashion the BB gun to appear as it did. Whether Rogers fashioned the BB gun is not at issue in this appeal.

The dissent contends that the statute is ambiguous but does not offer an interpretation of the statute that gives effect to all of the words the Legislature included. See Henderson , 907 N.W.2d at 627 (noting that courts are to give effect to all parts of a statute). Specifically, to reach its desired outcome, the dissent reads out the verb "used," and changes the statute's language from "the victim" into "a potential victim." Our precedent does not permit such judicial legislation. E.g. , Laase v. 2007 Chevrolet Tahoe , 776 N.W.2d 431, 438 (Minn. 2009) ("We cannot rewrite a statute under the guise of statutory interpretation."). The dissent concedes as much when it challenges our principles of statutory interpretation as "problematic and worth questioning." In other words, because our precedent does not permit the desired result, that precedent must be wrong. We disagree with the dissent. Our statutory interpretation precedent is consistent with the Legislature's directive that "[w]hen the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. Stat. § 645.16. Accordingly, we decline the dissent's invitation to reconsider our precedent.

The dissent also focuses on the subdivision's use of "possesses" to support its interpretation. But, as discussed above, this interpretation would require us to rewrite the statute. Accordingly, the query from Sesame Street that the dissent posits is misplaced.

In terms of the requirement that someone other than the burglar be present, this clause of subdivision 1(b) is consistent with the other paragraphs in subdivision 1; both paragraphs (a) and (c) of subdivision 1 require that another be present during the commission of the burglary. See Minn. Stat. § 609.582, subd. 1(a) (requiring that "another person" be present in the dwelling); id. , subd. 1(c) (requiring that "the burglar assaults a person within the building").

The dissent argues that the Legislature simply imported a phrase from the criminal-sexual-conduct statute into the burglary statute and that we should interpret the phrase the same way in both statutes. Even if the dissent were correct and we were permitted to look to the criminal-sexual-conduct statute in interpreting the burglary statute, the result is the same. This is so because the phrase from the criminal-sexual-conduct statute that the dissent contends the Legislature imported into the burglary statute also requires that the victim (the "complainant" in the criminal-sexual-conduct statute, see Minn. Stat. § 609.341, subd. 13 (2018) (defining "complainant")), be present. See Minn. Stat. § 609.342, subd. 1(d) (2018) ("A person who engages in sexual penetration with another ... is guilty of criminal sexual conduct in the first degree if ... the actor is armed with a dangerous weapon or any article used or fashioned in a manner to lead the complainant to reasonably believe it to be a dangerous weapon ...."). Obviously, the complainant cannot form a reasonable belief if the complainant is not present. The legislative history the dissent contends is relevant is also consistent with the conclusion that the victim must be present both in the criminal-sexual-conduct statute and the burglary statute. See S. Judiciary Comm., 75th Minn. Leg., Summary of S.F. No. 2017 , at 2 (Mar. 5, 1988) (report by Senate Counsel Allison Wolf) ("The bill would expand the first-degree burglary provision to include a situation in which the burglar possesses an article 'used or fashioned' so that the victim reasonably thought that it was a dangerous weapon." (emphasis added)). Finally, the news accounts that the dissent cites as evidence of the purpose for the amendment to the burglary statute all recount stories where a fake weapon was used on a victim.