*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0488**

State of Minnesota,
Respondent,

vs.

Damarcus Deontay Holloway,
Appellant.

**Filed February 26, 2024
Affirmed in part, reversed in part, and remanded
Bjorkman, Judge**

Blue Earth County District Court
File No. 07-CR-21-4310

Keith Ellison, Attorney General, Lydia Villalva Lijó, Assistant Attorney General, St. Paul, Minnesota; and

Patrick R. McDermott, Blue Earth County Attorney, Mankato, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ede, Presiding Judge; Worke, Judge; and Bjorkman, Judge.

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

Appellant challenges his convictions of fleeing a police officer in a motor vehicle, criminal vehicular operation, failing to stop after a traffic accident, and fleeing a police

officer on foot. Appellant argues that (1) the district court violated his constitutional right to confrontation by admitting the out-of-court statement of a vehicle occupant who did not testify at trial, (2) insufficient evidence supports his failure-to-stop conviction, and (3) the district court erred by convicting him of and sentencing him for multiple offenses. We reverse appellant's conviction of fleeing on foot and remand for the district court to vacate the conviction and sentence for that offense. But we affirm in all other respects.

**FACTS**

Shortly after midnight on December 17, 2021, Mankato Police Officer Jesse Gilbertson saw a vehicle with license plates "flagged as impounded for alcohol" and initiated a traffic stop. The vehicle stopped briefly then sped away. The officer notified dispatch then pursued as the vehicle reached speeds exceeding 80 miles per hour, disregarded stop signs, drove over a curb and a snowbank, went through a backyard and along a walkway, struck a tree, and then stopped after crashing into another tree. A man leapt from the vehicle and ran away. After a foot chase, Officer Gilbertson and other responding officers apprehended the man, whom they identified as appellant Damarcus Deontay Holloway.

Meanwhile, Officer Jordan Janak responded to the scene of the crash and discovered two women, K.M. and S.I., inside the vehicle. Both were "visibly shook up," and K.M. told the officer that she "felt injured." After receiving medical treatment at the scene, the women accompanied Officer Janak to the public-safety center. There, K.M. told the officer about the injuries she suffered from the crash—pain in her upper chest and back, marks on

2

her shoulders and spine, and her hands "turning a darker red color." Officer Janak photographed K.M.'s upper chest, upper back, and hands.

The state charged Holloway with (1) fleeing a police officer in a motor vehicle; (2) gross-misdemeanor criminal vehicular operation, causing K.M. bodily harm while driving in a grossly negligent manner;[1] (3) failing to stop after a traffic accident; and (4) fleeing a police officer on foot.

At trial, Officer Gilbertson described his vehicular pursuit of Holloway, the crash, and his foot pursuit. K.M. appeared pursuant to a subpoena but told the prosecutor that she would invoke the Fifth Amendment rather than testify. The prosecutor and defense counsel agreed to release K.M. from her subpoena. In lieu of her testimony, Officer Janak described his interactions with S.I. and K.M. at the crash scene and related K.M.'s statements to him at the public-safety center, which the district court admitted over Holloway's hearsay objection. The district court then noted K.M.'s out-of-court statements presented a potential confrontation issue and asked counsel to respond. The court concluded that K.M.'s statements to the officer were admissible, reasoning that because K.M.'s Fifth Amendment claim was doubtful, she was "available to testify."

The jury found Holloway guilty on all counts. The district court imposed a stayed prison sentence of 12 months and one day for fleeing a police officer in a motor vehicle and concurrent jail sentences for the other three offenses.

Holloway appeals.

---

[1] The state also charged Holloway with criminal vehicular operation harming S.I., but S.I. did not respond to her trial subpoena and the state dismissed the charge.

3

**DECISION**

**I.    Admission of K.M.'s out-of-court statements violated Holloway's confrontation right but did not impair his substantial rights.**

Under the Confrontation Clause, a criminal defendant has the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. This "procedural guarantee" permits the defendant to challenge a witness's reliability "in a particular manner: by testing in the crucible of cross-examination." *Crawford v. Washington*, 541 U.S. 36, 42 (2004). Admission of an out-of-court statement violates the Confrontation Clause if it was "testimonial," it was admitted for the truth of the matter asserted, and the defendant was not able to cross-examine the declarant. *Andersen v. State*, 830 N.W.2d 1, 9 (Minn. 2013) (citing *Crawford*, 541 U.S. at 59 & n.9). We review de novo whether the admission of evidence violates the Confrontation Clause. *State v. Sutter*, 959 N.W.2d 760, 764 (Minn. 2021).[2]

Holloway argues that the district court violated his confrontation right by admitting the statements K.M. made to Officer Janak at the public-safety center because they are testimonial and were admitted as substantive evidence, and K.M. did not testify so was not available for cross-examination. We agree. Under *Crawford*, a witness's out-of-court

---

[2] The state contends that, because Holloway failed to assert a confrontation objection, he has forfeited review of the issue and the plain-error standard applies. We agree that this limited standard of review generally applies when a defendant fails to raise a confrontation objection at trial. *State v. Tscheu*, 758 N.W.2d 849, 863 (Minn. 2008). Such limited review encourages defendants to timely object so the district court can address the issue and correct any error. *State v. Pearson*, 775 N.W.2d 155, 161 (Minn. 2009). That purpose was vindicated here because the district court raised the confrontation issue sua sponte, elicited arguments from counsel, and made a ruling. Accordingly, we review the issue de novo.

testimonial statement is admissible as substantive evidence only if (1) the witness testifies and is available for cross-examination, or (2) the witness is "unavailable" to testify *and* the defendant had a prior opportunity to cross-examine the witness. *Crawford*, 541 U.S. at 59 & n.9; *see State v. Noor*, 907 N.W.2d 646, 652 (Minn. App. 2018) (stating that *Crawford* "determined that *testimonial* hearsay statements, absent a prior opportunity to cross-examine, are barred by the Confrontation Clause"), *rev. denied* (Minn. Apr. 25, 2018). Because K.M. responded to the trial subpoena, she may have been available to testify. But she did not take the stand and therefore was not available for cross-examination. Accordingly, admitting her undisputedly testimonial out-of-court statements as substantive evidence violated Holloway's confrontation right.

A confrontation violation does not require reversal if it was harmless beyond a reasonable doubt. *State v. Swaney*, 787 N.W.2d 541, 555 (Minn. 2010). A violation is harmless if the jury's guilty verdict is "surely unattributable to the error." *Sutter*, 959 N.W.2d at 768 (quotation omitted). In determining whether this standard is met, we consider the manner in which the state presented the challenged evidence, whether it was "highly persuasive," whether the state used it in closing argument, whether the defense was able to counter it effectively, and the other evidence of guilt. *Swaney*, 787 N.W.2d at 555. If the challenged evidence was "presented as only one item among a plethora of other evidence," that "weighs in favor of finding that the verdict was surely unattributable to its admission." *Sutter*, 959 N.W.2d at 768 (quotation omitted).

The challenged evidence concerned K.M.'s injuries from the crash, which are relevant to two of the charges against Holloway. Both the criminal-vehicular-operation

5

and failure-to-stop offenses require proof that the crash caused K.M. "injury" or "bodily harm." Minn. Stat. §§ 169.09, subds. 1, 3(a), 14(b), 609.2113, subd. 3 (2020). Bodily harm means "physical pain or injury, illness, or any impairment of physical condition." Minn. Stat. § 609.02, subd. 7 (2020).

The state argues that the jury's guilty verdicts on these charges are surely unattributable to the admission of K.M.'s out-of-court statements at the public-safety center because there is other admissible evidence that she sustained bodily harm. This argument is persuasive. The record contains substantial other evidence, direct and circumstantial, on this element of the two offenses. K.M. told Officer Janak at the scene of the crash that she "felt injured," and ambulance staff treated her for unspecified injuries. Officer Janak personally observed and testified to visible indications of injuries on K.M.—redness on her upper chest, upper back, and hands. And he took photographs that corroborate his observations. Moreover, evidence that K.M. was in the vehicle while Holloway engaged in a prolonged high-speed chase that culminated in him striking one tree and crashing into another provides additional support for the jury's determination that K.M. suffered bodily harm as a result of Holloway's conduct.

Holloway argues that the weight of this evidence is insufficient to demonstrate harmless error because the prosecutor relied on K.M.'s statements at the public-safety center in arguing the bodily-harm element to the jury. But that was only part of the prosecutor's argument. The prosecutor also highlighted K.M.'s statements at the scene and the photos of her injuries, and accurately noted that bodily harm does not mean grave injury but simply any pain or injury. *See* Minn. Stat. § 609.02, subd. 7. On balance, the

substantial uncontested evidence that the crash caused K.M. bodily harm convinces us that the guilty verdicts for the two offenses that require proof of bodily harm are surely unattributable to K.M.'s out-of-court statements at the public-safety center. Accordingly, Holloway is not entitled to relief for the error in admitting those statements.

## II. Sufficient evidence supports Holloway's failure-to-stop conviction.

When deciding a challenge to the sufficiency of the evidence, we view the record "in the light most favorable to the verdict" and assume the jury disbelieved any contrary testimony. *State v. King*, 990 N.W.2d 406, 416 (Minn. 2023) (quotation omitted). If a sufficiency challenge turns on the meaning of a statute, we interpret the statute de novo. *Fordyce v. State*, 994 N.W.2d 893, 897 (Minn. 2023).

To establish Holloway's guilt of failing to stop after a traffic accident, the state was required to prove that (1) he caused a vehicle collision, (2) the collision resulted in bodily harm to another, (3) he failed to stop immediately and investigate what he struck, and (4) he failed to remain at the scene "until he provided his name, date of birth, mailing address or e-mail address, and the registration plate number of the vehicle he was driving." Minn. Stat. § 169.09, subds. 1, 3(a), 14(b); *see* 10 *Minnesota Practice*, CRIMJIG 27.06 (2020). Only the fourth element is at issue here.

Holloway contends the state failed to prove this element because the prosecutor's argument to the jury—that Holloway violated the law by failing to "remain at the scene to give his information to [K.M.]"—is not a viable theory of liability because K.M. owned the vehicle. Even assuming that the prosecutor erred in describing the elements of the offense, the record defeats Holloway's assertion that the prosecutor's statement was "the

7

only theory of liability . . . for which the jury was instructed." Only the district court instructs the jury "on the law necessary to render a verdict." *State v. Cao*, 788 N.W.2d 710, 716 (Minn. 2010). The district court correctly did so here. It instructed the jury on the elements of the offense consistent with the statute, including omitting from the fourth element the identity of the person to whom the defendant is supposed to provide the listed information. And it advised the jury to disregard any attorney's statement of the law that differed from its own. Because the record contains ample evidence that Holloway immediately fled the scene of the crash without providing any of the required information to anyone, sufficient evidence supports his failure-to-stop conviction.

## III. The district court erred by convicting Holloway of both fleeing offenses but did not err by sentencing him for multiple offenses.

Holloway argues that his convictions for both fleeing-police offenses violate Minn. Stat. § 609.04 (2020), and his multiple sentences violate Minn. Stat. § 609.035 (2020).[3] We address each argument in turn.

**Multiple Convictions**

"Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both." Minn. Stat. § 609.04, subd. 1. This statute bars not only multiple convictions for an offense and its included offenses but also "multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident." *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985).

---

[3] Holloway acknowledges that he raises these issues for the first time on appeal, but "an appellant does not waive claims of multiple convictions or sentences by failing to raise the issue at the time of sentencing." *Spann v. State*, 740 N.W.2d 570, 573 (Minn. 2007).

The *Jackson* rule applies when (1) multiple offenses arose "under different sections of the same statute," and (2) the offenses were committed "as part of a single behavioral incident." *State v. Bonkowske*, 957 N.W.2d 437, 444 (Minn. App. 2021). We generally review de novo whether a conviction violates Minn. Stat. § 609.04. *Id.* at 443. But whether offenses occurred as part of a single behavioral incident is a mixed question of fact and law; we review the district court's factual findings for clear error and its application of the law to those facts de novo. *State v. Barthman*, 938 N.W.2d 257, 265 (Minn. 2020).

The first *Jackson* factor is undisputed—Holloway's two fleeing-police offenses arose under different sections of the same statute, Minn. Stat. § 609.487 (2020). But the state contends that the offenses are not part of a single behavioral incident. Because the two offenses at issue both involve an intent element,[4] we determine whether they are part of the same behavioral incident by evaluating whether: (1) "the offenses occurred at substantially the same time and place," and (2) the conduct "was motivated by an effort to obtain a single criminal objective." *State v. Bakken*, 883 N.W.2d 264, 270 (Minn. 2016) (quotations omitted).

The state argues that Holloway's vehicular flight and flight on foot occurred in different places and at different times because Holloway committed multiple other offenses and traveled several miles in between. We are not persuaded. Holloway's various offenses may be legally distinct, each having at least one unique element, but the evidence presented

---

[4] All forms of the offense of fleeing a police officer require "intent to attempt to elude a peace officer following a signal given by any peace officer to the driver of a motor vehicle." Minn. Stat. § 609.487, subd. 1.

to and accepted by the jury shows an unmistakable factual continuity between all of them—Holloway sought to escape police by any means necessary, including a reckless vehicular flight that endangered his two passengers, ending only when he crashed the vehicle into a tree, after which he left the vehicle and fled on foot. Because there is no way to understand Holloway's flight on foot as anything other than a continuation of his flight by vehicle, it is part of the same behavioral incident. As such, the district court erred by convicting Holloway of both. We reverse the flight-by-foot conviction and remand for the district court to vacate the conviction and sentence for that offense.

**Multiple Sentences**

Generally, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." Minn. Stat. § 609.035, subd. 1. But the legislature created an exception to this rule, providing that a conviction of fleeing a police officer "is not a bar to conviction of or punishment for any other crime committed by the defendant as part of the same conduct." Minn. Stat. § 609.035, subd. 5; *see State v. Williams*, 771 N.W.2d 514, 520 (Minn. 2009) (listing this and other exceptions to Minn. Stat. § 609.035, subd. 1). Whether a sentence violates Minn. Stat. § 609.035 is a question of law, which we review de novo. *State v. Branch*, 942 N.W.2d 711, 713 (Minn. 2020).

Holloway acknowledges that the multiple-sentence exception permits sentencing for another offense committed as part of fleeing police but asserts that only one additional offense may be sentenced unless the other offenses are themselves subject to a multiple-

sentencing exception. Because criminal vehicular operation and failure to stop have no sentencing exception, he contends that only one can be sentenced along with fleeing police. This argument is unavailing. The word "any" in the phrase "any other crime" receives "broad application" and "generally means every or all." *State v. Patzold*, 917 N.W.2d 798, 810 (Minn. App. 2018) (quotation omitted), *rev. denied* (Minn. Nov. 27, 2018). As a result, if a defendant commits the offense of fleeing a police officer, they "may be convicted and sentenced for other offenses that arise out of the same behavioral incident." *See id.* (quoting *Williams*, 771 N.W.2d at 520) (addressing criminal-sexual-conduct exception to Minn. Stat. § 609.035). Accordingly, both of the other offenses Holloway committed while fleeing police may be sentenced under Minn. Stat. § 609.035.

**Affirmed in part, reversed in part, and remanded.**